THE PEOPLE *ex rel.* Oscar J. Holmquist, County Treasurer, Appellant, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed December 15, 1908.*

1. TAXES—*what items of county tax levy sufficiently separated.* Items of a county tax levy for "salaries of county officers, deputies and clerks, $20,000," for "jury certificates and witness fees, $3000," and for "printing and stationery, $6000," are sufficiently separated to meet the requirements of the statute.

2. SAME—*levy of comparatively small sum for "incidentals" is valid.* A levy by a county of a sum for "incidentals" which is a small amount in view of the size and population of the county, of which fact the court will take judicial notice, is valid.

3. SAME—*what items in the county levy should be separated.* Items for "pauper accounts and poormaster" and for "court house and jail" should be separated, respectively, in the county tax levy.

APPEAL from the County Court of Winnebago county; the Hon. LOUIS M. RECKHOW, Judge, presiding.

HARRY B. NORTH, State's Attorney, for appellant.

R. K. WELSH, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Winnebago county sustaining objections to certain items of taxes levied against the lands of appellee, the Illinois Central Railroad Company, for county purposes for the year 1907. Upon application being made by the county collector of said county for judgment appellee filed objec-

tions to the county tax to the extent of $769.54, being the amount levied upon objector's property for the following items: For salaries county officers, deputies and clerks, $20,000; for pauper accounts and poor-master, $5500; for almshouse and farm, $6500; for court house and jail, $5000; for jury certificates and witness fees, $3000; for printing and stationery, $6000; for incidentals, $1000. The court sustained the objections to the taxes for all of the above items except that for "almshouse and farm," and overruled the objection to that item and entered a judgment against appellee for $106.96, the amount of the tax extended against appellant under said levy for "almhouse and farm." From the judgment sustaining the objections to the other items the case is brought to this court by appeal.

Questions similar in character to those here involved have frequently been before this court. The statute under which the county board gets its authority for levying taxes for county purposes provides that when a levy is made for several purposes "the amount for each purpose shall be stated separately," and the county court held that the sums levied as to which objections were sustained were invalid for the reason that the purposes for which they were levied were not stated separately, as required by statute. We are of opinion the objections should have been overruled as to the items "for salaries county officers, deputies and clerks, $20,000," "for incidentals, $1000," for "jury certificates and witness fees, $3000," and for "printing and stationery, $6000." The tax for "salaries county officers, deputies and clerks" we must assume was levied for the purpose of providing money to make such payments to county officers, deputies and clerks as the law authorizes to be made out of the county treasury, and we are of opinion the statute does not require a separation of this item. In *People* v. *Toledo, St. Louis and Western Railroad Co.* 231 Ill. 498, we held a levy for county purposes of $6000 "for contingent" was not in compliance with the requirements of the statute. In

that case the amount of the levy, as will be seen from the opinion, was an important element in determining the invalidity of the levy. It has never been held that the fact that a levy was made for "incidentals" or "contingent" expenses rendered the levy invalid. In the nature of things the levy for such purposes should always be small, and municipalities will not be permitted to levy large sums under such designation. It may be that the authorities are unable to anticipate every expense the county may lawfully incur and provide taxes to meet it by a particular designation in the levy, and in our opinion it is not a violation of the statute to levy small sums for that purpose. In this case the court will take judicial notice of the fact that Winnebago county is a large and populous county, and $1000 is therefore a small sum of money when considered in connection with the wealth and entire population of the county. We are also of opinion the items for "jury certificates and witness fees" and "printing and stationery" were a sufficient designation of the purposes for which the tax was levied. *People* v. *Cairo, Vincennes and Chicago Railway Co.* (*ante,* p. 312.)

As to the remaining items, we are of opinion the county court correctly sustained the objections. The statute makes it the duty of counties where the poor are not supported by towns to relieve and support the poor who are lawful residents, and the board is authorized to procure and maintain a farm and necessary buildings to be used in connection with the support of the poor. For those purposes a tax may be lawfully levied. The county board is also authorized to appoint a keeper of the poor-house and fix his compensation therefor, and the money to meet this expense may be raised by taxation. One item of the levy in this case was $5500 "for pauper accounts and poor-master." The amounts for each should have been separate. Another item of $5000 was "for court house and jail." For what purposes this amount was to be used for the court house and jail does not appear. An item in the levy, which was not

objected to, was $720 "for janitor of court house," so that no part of the money could have been desired for that purpose. Whether the money was intended to be used in the repair of the court house or of the jail, or both, does not appear, nor is it in any way indicated by the levy how much of the money was intended to be used on each of the buildings.

To enter into a fuller discussion for the purpose of giving more comprehensive reasons for the views herein expressed would be but to repeat substantially what we have said in numerous decisions. We refer to *Chicago, Burlington and Quincy Railroad Co.* v. *People,* 213 Ill. 458, *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 id. 209, *People* v. *Illinois and Indiana Railroad Co.* 231 id. 377, *People* v. *Kankakee and Southwestern Railroad Co.* 231 id. 109, *People* v. *Cairo, Vincennes and Chicago Railway Co.* id. 438, *People* v. *Kankakee and Seneca Railroad Co.* id. 490, *People* v. *Belleville and Eldorado Railroad Co.* 232 id. 454, *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 id. 197, and *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 224 id. 523.

We are of opinion the county court erred in sustaining the objections to the levy "for salaries county officers, deputies and clerks," to the levy "for incidentals," to the levy for "jury certificates and witness fees" and to the levy for "printing and stationery," and as to those items the judgment is reversed, but as to the levy for the other sums and purposes mentioned the objections were properly sustained, and as to them the judgment will be affirmed and the case will be remanded, with directions to the county court to overrule the objections of the appellee to the levy "for salaries county officers, deputies and clerks," "for incidentals," "jury certificates and witness fees" and for "printing and stationery."

*Reversed in part and remanded, with directions.*