**MISSOURI, K. & T. RY. CO. v. BENNETT, Co. Treas.**

No. 17018—Opinion Filed Oct. 12, 1926.

Rehearing Denied Dec. 14, 1926.

(Syllabus)

1. Municipal Corporations—Tax Levy for Library Fund as "Current Expense" With'n Six-Mill Limitation.

Under section 9528, C. O. S. 1921, a tax may be levied by the excise board to create what is referred to in said statute as a library fund, but such a tax, when levied, is a current expense within the meaning of section 9692, C. O. S. 1921, and the levy so made, with other levies for other current expense purposes authorized by law, cannot exceed the six-mill limitation provided by said section.

2. Same—Levy for Cemetery Purposes—Limitations.

Under section 4329, C. O. S. 1921, the excise board of any county may levy under the conditions of said statute a tax for cemetery purposes, but such tax is for a current expense within the meaning of section 9692, C. O. S. 1921, and the amount thereof, together with the levies for other purposes authorized by law as current expenses, cannot exceed the limitation of six mills by said section provided.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the Missouri, Kansas & Texas Railway Company against J. D. Bennett, County Treasurer of Pittsburg County. Judgment for defendant, and plaintiff brings error. Reversed.

M. D. Green, H. L. Smith, and Eric Haase, for plaintiff in error.

W. E. Gotcher, Co. Atty., Burns McCain, Asst. Co. Atty., W. J. Horton, City Atty., and Jackman A. Gill, for defendant in error.

BRANSON, V. C. J. Error is presented herein from the district court of Pittsburg county. The Missouri, Kansas & Texas Railway Company sued J. D. Bennett as county treasurer. The suit was brought under a state of facts contemplated by section 9971, C. O. S. 1921. Under said section a taxpayer at the time of paying a tax contended to have been illegally assessed gives the county treasurer notice that a suit will be brought against the county treasurer to recover the tax so paid. This is such a case. The plaintiff paid the first half of its taxes levied for municipal purposes of the city of McAlester in said county of Pittsburg for the fiscal year beginning July 1, 1924, and ending June 30, 1925, the plaintiff contending that a certain amount so paid in the sum of $169.42 was levied for the said municipality in excess of the limitations provided by law. The limitation statute invoked is section 9692, C. O. S. 1921. This section provides:

"In all counties, the total levy for current expenses of each county, city, town, township or school district shall not exceed in any one year the following: * * * City levy not more than six mills."

We shall not comment upon this section of the statute, for we can add nothing more to what this court said in regard to the same in the case of Oklahoma News Co. v. Ryan, County Treasurer, 101 Okla. 151, 224 Pac. 969, and in Simmons v. Stuckey, County Treasurer, 113 Okla. 200, 241 Pac. 124. It is not amiss, however, in connection with the direct question raised in the instant suit, for us to re-adopt the language used in the syllabus in the first cited case to this effect:

"The current expenses of cities of this state which are limited to six mills by section 9692, Comp. St. 1921, includes not only current recurring expenses of the city government, but includes any expenditure for which a tax is authorized to be levied by the Legislature for any current fiscal year other than the taxes authorized by sections 10 and 27 of article 10 of the Constitution and annual installments on bond issues and judgments, and interest thereon."

Of course, this part of the law announced in the said case is clearly intended to mean all character of expenses or levies unless the Legislature has by a clear direction given authority to the levying boards to fix a rate over and above the six-mill limitation.

The facts in the instant case are not in dispute. For the fiscal year in question there was levied for municipal purposes 6.913 mills. The authority to levy no part of the same was submitted to a vote of the people of the municipality. The .913 mills which is the excess over and above the six mills was component, in this, to wit: That within the same the stipulation recites that .5735 mills was levied to raise a fund for city library purposes and .448 mills for city cemetery purposes; the total of the mill fractions being .913 mills. (This state of facts is found in the stipulation. We accept the stipulation as it appears on its face without undertaking to discuss the accuracy of the mathematics the parties used in saying that .5735 plus .448 makes .913.

The respective fractional mill levies are referred to as the library levy and the cemetery levy.

The questions then presented are whether or not the said library levy was authorized by law and whether the said cemetery levy was so authorized. The statute involved is section 9528. C. O. S. 1921, the part of which pertinent here provides:

"That the city counsel of any city of the first class in this state shall have power to establish and maintain a public library and reading room, or either of them for the use and benefit of the inhabitants of such city, and the excise board of any county may approve a tax levy, in addition to any tax levy now authorized for current expense of cities of the first class not to exceed two mills on the dollar annually on all the taxable property of the city for such purpose; such tax to be levied and collected in like manner with other general taxes of said city, and to be known as the 'library fund.'"

Before the passage of this last-quoted statute the Legislature had not delegated to the tax-levying boards authority to provide revenue for the purpose in said section set forth. That is to say, in the numerous items the Legislature had authorized the levying authorities to provide for on an ad valorem property basis, there had been given no authority to provide a library fund. The said section of the statute was clearly passed in view of the fact that the fiscal provisions of the Constitution of the state and the general revenue statutes of the state vitalizing the same have from statehood required that taxes be levied for specific purposes and that a tax levied for one purpose shall not be used for purposes other than that for which the levy is made. This said section was merely to authorize a tax levy for another "specific" purpose, to wit, "library purposes," and added this purpose to the specific purposes by other sections of the statute authorized to be levied within the six-mill limitation. It was a current expense within the meaning of the rule announced in the said case of Oklahoma News Co. v. Ryan, County Treasurer, and there is nothing in the language of the statute that can be construed, when taken in conjunction with the language used in other statutes authorizing levies for specific purposes, that this court would be justified in holding that it was a direction to the levying authorities to fix a rate for library purposes over and above the six mills limited by said section 9692. In other words, that portion of section 9528 which provides:

"* * * In addition to any tax levy now authorized for current expense of cities of the first class * * *"

—means nothing more than this: That to the subjects or specific purposes for which taxes were already authorized as current expense of such municipalities an additional subject, or item, is authorized, to wit, "library fund."

We think it is not only a well-settled rule, but one which is indispensable in arriving at the legislative intention where any uncertainty is claimed to exist as to the meaning of the statutes, that statutes or different provisions of the Code dealing with matters

of the same character and nature must be construed together. At the same session of the Legislature (1919) section 8970, C. O. S. 1921, was enacted. This section authorized the levying authorities to provide an item referred to as the tuberculosis levy. In authorizing the levying authorities to provide a tuberculosis fund the language of the Legislature in said section contained, after authorizing such levy, was this:

"* * * Which is hereby declared not to be a current expense and to be for a special purpose, known as 'tuberculosis fund,' in addition to the maximum levy for current expenses now provided by law."

As said in the Ryan Case, supra, the limitation in section 9692, C. O. S. 1921, to six mills for current expenses includes every item authorized as an expenditure, the burden of which is cast upon the ad valorem valuations of the municipality, and must be so held as to the item here in question, since there is nothing in the act authorizing a levy for such purpose which shows any intention on the part of the Legislature that it should be over and above the maximum six-mills levy for current expenses provided by law.

The other item drawn in question by the pleadings and the stipulation is the cemetery levy. The provision for this item or specific purpose for which a tax may be levied is found in section 4329, C. O. S. 1921. This statute in substance provides that where cities or towns own lands used for cemetery purposes, the levying authorities are authorized to levy a tax to take care of the same, "in addition to all tax levies provided for municipal purposes." The language in this statute could have been in intendment no different from the language used in the statute providing for a library fund. The reasoning as to the former, supra, applies with equal force to the latter.

We hold that while the sections drawn in question here authorize a tax levy for the specific purposes mentioned, there is nothing in the legislative enactments which show any intention that such levy should not fall within the meaning of current expenses, the limitation on which is fixed at six mills. The defendant lays stress upon the case of Simmons v. Stuckey, supra. An election duly held had authorized the additional mills levy there, and that was not done in the instant case.

The judgment of the trial court must therefore be reversed. Judgment on the pleadings and stipulation should be entered for the plaintiff as prayed.

NICHOLSON, C. J., and MASON, PHELPS, HUNT, and RILEY, JJ., concur.