**JONES, County Treas., v. BLAINE.**

No. 20026. Opinion Filed Jan. 27, 1931.

Rehearing Denied June 16, 1931.

James W. Irwin and L. L. Cowley, for plaintiff in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error.

ANDREWS, J. Charles Blaine, the defendant in error, who will be hereinafter referred to as the plaintiff, instituted this proceeding in the district court of Okmulgee county against the plaintiff in error, who will be hereinafter referred to as the defendant, to recover money paid under protest under certain tax levies for the fiscal year commencing July 1, 1927. The case was tried to court without a jury, and the court rendered judgment in favor of the plaintiff on certain causes of action and in favor of the defendant on the other causes of action. Both plaintiff and defendant gave notice of appeal and each has perfected appeal to this court in the same cause and

under the same number. The various causes of action will be separately discussed herein.

The first cause of action involves a levy of .25 mill for the Okmulgee county highway fund. The trial court rendered judgment thereon for the plaintiff. The petition in error of the defendant attacked that judgment, but the defendant in his brief admits the correctness thereof. The judgment of the trial court thereon, therefore, is affirmed.

The second cause of action involves a levy of 4.88 mills for the current expense of the city of Okmulgee and .74 mill for the library fund of the city of Okmulgee, which are alleged to be avoid. The trial court rendered judgment in favor of the defendant.

The plaintiff contends that the financial statement and estimate of the city were not published in the same issues of the paper or as one continuous document, and that the financial statement was published five days after publication of the estimate. No statute or decision is cited requiring the publication to be in the same issues of the paper or as one continuous document, and we know of none. The reasoning of the plaintiff in support of his contention does not appeal to this court, and, while it doubtless is better practice to make the publication in the same issues of the paper and as one continuous document, we cannot hold a tax levy void for failure to do so.

There is nothing in section 9695, C. O. S. 1921, supporting the contention of the plaintiff. That section requires the making of "a financial statement showing the true fiscal condition" and an "itemized statement of estimated needs and probable income" and the publication of "each financial statement and estimate." The context clearly shows that these are separate instruments.

The plaintiff contends that the financial statement was not published nor was any substantial part thereof published. We assume that the plaintiff means legally published, for the record shows that a financial statement was published, and, in our opinion, it was legally published if it was sufficient in fact to constitute a financial statement. The record discloses that the financial statement made out on the form prepared by the State Examiner and Inspector was not published and that the published instrument denominated "financial statement" was a summary of the financial statement made on the blank prepared by the State Examiner and Inspector.

Section 9695, Id., a part of the chapter

on municipal levies, deals with the preliminary steps necessary to the making of a valid levy for municipal purposes. It provides that the city officials shall meet and make in writing "a financial statement showing the true fiscal condition" of the city as of the close of the previous year, and an "itemized statement of estimated needs and probable income from sources other than ad valorem tax" of the city for current expense for the current fiscal year. The financial statement is required to be "supported by schedules or exhibits showing by classes" the amount of all receipts and disbursements. The statement of estimated needs is required to be "itemized so as to show by classes, first, the several amounts necessary for the current expense of the municipality, and each officer and department thereof." "Each financial statement and estimate," as prepared in accordance with the provisions of the section, are required to be published as therein provided. "Said estimates, so made out and published as aforesaid, shall, as soon as completed, be certified to the excise board of the county, together with an affidavit attached, showing the publication or posting thereof, as required by this act. The estimates and statements provided for in section 4 shall also at the same time be transmitted to the excise board."

Section 9697, C. O. S. 1921, being section 4 referred to in section 9695, Id., requires each officer, board, or commission of any city and all employees charged with the management or control of any department or institution or either thereof to file with the board or commission charged with the duty of reporting to the excise board a report in writing showing, by classes, the earnings and costs of maintaining their respective offices or departments for the previous fiscal year, together with an itemized statement and estimate of the probable needs thereof for the current or ensuing fiscal year.

These two sections must be considered together. Section 9697, Id., requires a report in writing showing, by classes, the earnings and cost of maintaining the respective offices or departments for the previous fiscal year. That is doubtless for the purpose of giving the board or commission charged with the duty of reporting to the excise board the information from which its report and financial statement can be prepared. Section 9695, Id., requires the estimate made out and published to be certified to the excise board, but it is nowhere required that the financial statement be certified to the excise board. The financial statements referred to in section 9698, C. O. S. 1921,

are the statements provided by section 9697, Id., which are to be transmitted to the excise board as required by section 9695, Id.

Since the financial statement is not required to be certified to the excise board, a failure to certify it would not defeat a levy, and a failure to publish the same cannot defeat a levy. While section 9695, Id., is mandatory in its requirement that each financial statement and estimate shall be published as therein provided, a failure to publish the financial statement can in no wise affect a levy, for the reason that the financial statement is not before the excise board or considered by it in making the levy. This is clear when it is kept in mind that the only things certified to the excise board are the itemized statement of estimated needs and probable income and the reports in writing of the various offices as provided by section 9697, Id. It is on the information contained therein that the excise board acts and not on the information contained in the financial statement required by section 9695, Id.

The record is silent as to whether or not the reports required by section 9697, Id., were transmitted to the excise board. Under the rule announced in Bonaparte v. Nelson, 142 Okla. 54, 285 Pac. 100, the burden of establishing the invalidity of the tax levy in a proceeding to recover a tax paid under protest is on the taxpayer. There being no proof in the record on this question, this court must assume that those instruments were duly transmitted to the excise board and that they were considered by it in making the appropriation and fixing the rate of levy.

The plaintiff cites In re Gypsy Oil Co., 141 Okla. 291, 285 Pac. 67, Pitts v. First National Bank of Muskogee, 138 Okla. 284, 281 Pac. 133, and other cases. Those cases deal with the itemization and publication of estimates and not with the itemization and publication of financial statements. There is nothing in any of them supporting the contention of the plaintiff that a tax levy is void for failure to publish a financial statement.

The plaintiff contends that the needs of the city were not sufficiently itemized on the estimate as published. As held in the cases above cited, the estimate must be itemized and the publication must be of the itemized estimate.

Under section 9698, Id., the appropriations for cities are required to be itemized so as to show the amount of funds appropriated "for the several offices, boards, commissions and departments, and shall be detailed in separate items as to each thereof," as follows:

For salaries and compensation of each officer and all regular deputies employees thereunder;
For special services and extra help;
For office supplies, blank books, stationery, and printing;
For postage, telephone, and telegraph;
For express, freight, and drayage;
For light, fuel, and water;
For rent;
For charities and aid to poor;
For furniture and office equipment, for maintenance, renewals, and extensions;
For purchase of park, building sites, and other real estate, with appropriation for each, separately stated;
For construction of new buildings, with the appropriation for each proposed building, separately stated;
For maintenance and repairs on buildings and parks;
For park and other permanent improvements with the appropriation for each, separately stated;
For equipment and apparatus;
For such other expenditures as may be necessary and authorized by statute or ordinance, but not herein enumerated.

The portion of the estimate as published necessary to be here considered is as follows:

| General Fund— | | |
|---|---:|---:|
| Salaries of officers, regular deputies and City Attorney | $21,240.00 | |
| Misc. supplies and maintenance | 19,465.34 | |
| | | 40,705.34 |
| Engineering Department— | | |
| Salaries | 3,380.00 | |
| Misc. supplies and maintenance | 1,500.00 | |
| | | 4,880.00 |
| Building Inspector— | | |
| Salary | 1,032.66 | |
| | | 1,032.66 |
| Sewer Department— | | |
| Salary | 1,500.00 | |
| Misc. supplies and maintenance | 2,385.00 | |
| | | 3,885.00 |
| Park Department— | | |
| Salary and maintenance | 3,000.00 | |
| | | 3,000.00 |
| Street Department— | | |
| Salaries | 7,440.00 | |
| Misc. supplies and maintenance | 28,300.00 | |
| | | 35,740.00 |
| Police Department— | | |
| Salaries | 24,060.00 | |
| Misc. supplies and maintenance | 3,700.00 | |
| | | 27,760.00 |
| Sanitary Department— | | |
| Salaries | 3,000.00 | |
| Misc. supplies and maintenance | 1,060.00 | |
| | | 4,060.00 |
| Fire Department— | | |
| Salaries | 49,500.00 | |
| Misc. supplies and maintenance | 6,877.00 | |
| | | 56,377.00 |
| Water Department— | | |
| Salaries | 25,240.00 | |
| Misc. supplies and maintenance | 25,170.00 | |
| | | 50,410.00 |
| Grand Total | | $227,850.00 |
| Sinking Fund— | | |
| Bonds and Coupons | 239,266.00 | |
| Commission to fiscal agency | 427.00 | |
| Annual accrual on judgments | 5,170.55 | |
| | | 244,863.55 |
| Paving Repair— | | |
| Cash on hand | 17,508.34 | |
| Penalties collected | 22,738.14 | |
| | | 40,244.48 |
| Library— | | |
| Salaries | 6,720.00 | |
| Misc. supplies and maintenance | 5,280.00 | |
| | | 12,000.00 |
| Grand Total General— | | |
| Paving repair and Library | | $280,094.48 |

It is apparent that the estimate as pub-

lished was not itemized even substantially in conformity with the provisions of the statute. This court cannot give its approval to a published estimate in which $28,300 is included under the heading, "Misc. supplies and maintenance." In the estimate as published there appear items under the heading, "Misc. supplies and maintenance," aggregating an excess of $84,000.

The failure to itemize the estimate as published does not void the entire levy. The appropriations made for the items that were itemized and published are valid and the rate of levy is valid in so far as it is necessary to provide funds for those appropriations. The appropriations that were not itemized in the publication are void and the levy is void to that extent. We will not attempt to compute the amount of void levy in this case, but will leave that for the trial court to determine under the rule herein announced.

The plaintiff contends that appropriations were made for items that did not appear in the published estimate of needs. If so, the appropriations therefor were void and the rate of levy is to that extent void. We will leave that for the trial court to determine.

Complaint is made that the salary of the city attorney was included in salaries of all officers and all regular deputies and employees. Under the city charter of the city of Okmulgee, the city attorney is an employee and inclusion of his salary under that heading is entirely proper.

The judgment of the trial court in favor of the defendant on the second cause of action is reversed, with directions to render judgment in accordance herewith.

The third cause of action involves a levy of 13.09 mills for the sinking fund of the city of Okmulgee, 12 mills of which is alleged to be void. There are two propositions presented: First, that the revenue from the water department, after the payment of the cost of operation, should be applied to the payment of the bonds issued pursuant to section 27, art. 10, of the Constitution; and second, that there was error in the computation of the annual amount necessary to retire the bonds at maturity. The trial court denied the first contention, sustained the second contention, and rendered judgment in favor of the plaintiff for a refund of the tax paid under protest in the amount of 7.5 mills.

This court has repeatedly held against the first contention. Perrine v. Bonaparte, Co. Treas., 140 Okla. 165, 282 Pac. 332.

The defendant contends that a sinking fund is required to be created to pay the interest on and the principal of the bonds "as it falls due" and that the funds must be on hand at that date and not in process of collection. We approve that contention. Sections 26, 27, and 28, art. 10, of the Constitution, and section 4237, C. O. S. 1921. There is no authority for the issuance of warrants against an appropriation for sinking fund purposes. The sinking fund may be paid out only on cash vouchers or warrants and the money must be on hand for payment at the time of the issuance thereof.

There is involved herein a dispute as to the proper method of computing the annual amount necessary to retire outstanding bonds at maturity.

In C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 Pac. 48, this court announced the rule as follows:

"We therefore state the rule to be that the number of levies authorized and required to produce funds available for the purpose of retiring bonds at maturity is the number of fiscal years intervening between the date of the issue and the date of maturity in which tax levies can be made and the tax collected. This will vary in accordance with the date of the bonds and the date of maturity thereof."

Under the provisions of the Constitution, the rate of levy must be such as to distribute the tax burden caused by the incurring of the indebtedness as nearly as possible over the period the indebtedness is to run, and at the same time provide a fund for the retirement of the indebtedness at maturity. We have said that the annual amount will vary in accordance with the date of maturity.

In re Gypsy Oil Co., supra, this court said:

"In order to understand this, we must keep clearly in mind the distinction between appropriations and levies. Where a proper division of the amount of the bonds requires $1,000 a year to be raised for the purpose of retiring the bonds and $1,000 a year to pay the interest on the bonds, the first levy would have to be in a sufficient amount to raise $2,000. In making the second levy we would have an appropriation in the same amount, $2,000, but the levy would be reduced for the reason that in computing the same there would be considered the balance on hand in the sinking fund which had accrued from interest on the investment of the sinking fund, income from assessments made on omitted property, and income from other sources. In making a levy for sinking fund purposes there should be included all of the outstand-

ing bonded and judgment indebtedness, and a separate levy should not be made for each bond issue."

The record under consideration shows that in determining the rate of levy that was to be extended upon the tax rolls for sinking fund purposes, the city officials and the excise board considered some 25 different bond issues and computed therefrom the total amount necessary to be raised for that purpose. We call attention to the first listed issue, which was a water works bond issue running for 20 years and dated October 24, 1907. No tax levy could have been made for sinking fund purposes involving that bond issue before July 1, 1908. A tax levy extended upon the tax rolls for the fiscal year commencing July 1, 1927, would have been of no avail, for the reason that the tax for that year would not be due until November 1, 1927. Therefore, the entire amount necessary to retire this bond issue would have to be raised during the fiscal years commencing July 1, 1908, and ending July 1, 1926. There are only 19 such years. The annual accrual to the sinking fund for the payment of those bonds should have been ascertained by dividing the amount of the bonds by 19, rather than by 20, as contended by the plaintiff. The total accrual for the payment of this bond issue should have been $60,000 as determined by the city officials and the excise board, and the trial court was in error in allowing only $57,000 for that purpose. We will not undertake a computation as to each of the 25 different bond issues, but will leave that for the trial court. We will reverse the cause as to this cause of action, with directions to the trial court to render judgment in accordance with the rules herein announced.

In doing so, we desire to call attention to the rule announced in St. L.-S. F. Ry. Co. v. Forbess, 111 Okla. 48, 237 Pac. 596, as follows:

"The sinking fund levy must be limited to the amount actually needed in any fiscal year to take care of the legal charges against that fund. Any levy made by the excise board in excess of these limitations is void as to such excess, and one paying such excess tax under protest is entitled to its recovery"

—and to Going, Co. Treas., v. Atchison, T. & S. F. Ry. Co., 106 Okla. 258, 234 Pac. 346, in which this court said:

"We think the excise board cannot levy any greater sum for the fiscal year for the sinking fund than is required to make the interest payments for the year and to add such sums to the sinking fund as is required by law for that particular year to meet the payment of the bonds at maturity."

We also call attention to section 8576, C. O. S. 1921, as follows:

"Whenever any money shall remain in the sinking fund of any municipality on the last day of June of any year, against which no charges are outstanding, it shall be turned into such fund for the following year and the levy for the following year reduced accordingly"

—and to section 9719, C. O. S. 1921, as amended by chapter 151, S. L. 1923, as to the date of maturity and delinquency of ad valorem taxes.

If the date of maturity of the bonds during any fiscal year is prior to the 15th day of June, the number of levies should be one less than the number of fiscal years intervening between the date of issuance and the date of maturity thereof. If the date of maturity is on or after the 15th day of June, then the number of levies should be the number of fiscal years intervening between the date of issuance and the date of maturity thereof.

The fourth cause of action involves a levy of 6.14 mills for the sinking fund of school district No. 1, 2.9 mills of which is alleged to be void. The trial court held that 2.695 mills was void and rendered judgment in favor of the plaintiff therefor.

The question involved is as to the proper method of computing the annual amount necessary to retire 13 outstanding bond issues at maturity. The trial court was in error in computing the amount of accrual necessary to retire these bonds. We will not undertake a computation as to each of the 13 different issues, but will reverse the cause as to this cause of action, with directions to the trial court to render judgment in accordance with the rules herein announced as to the third cause of action.

The fifth cause of action involves a levy of .5 mill for cemetery purposes for the city of Henryetta, which levy was in addition to the 6-mill levy for current expenses of that city. The plaintiff contends that the levy is void for the reason that chapter 8, S. L. 1927, is in violation of section 33, art. 5, and section 57, art. 5, of the Constitution. The trial court sustained the protest of the plaintiff and entered a judgment in favor of the plaintiff for a refund of the amount of tax paid under protest under the .5 mill levy.

This court in Protest of Chicago, R. I. & P. Ry. Co., 137 Okla. 186, 279 Pac. 319, held that the act in question is not a revenue bill as defined in section 33, art. 5, Id., and that it is a general and not a special act. The rule of law announced therein is ap-

plicable herein, and the contention that the act is in violation of section 33, art. 5, of the Constitution is without merit.

In Protest of Chicago, R. I. & P. Ry. Co., supra, the court did not consider or determine the effect of the provisions of section 57, art. 5, Id., on the act in question. Section 57, art. 5, Id., provides, with certain exceptions therein stated, that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. The title to the act in question is as follows:

"An Act authorizing cities and towns to establish a fund to be known as a cemetery fund, to be used for the purpose of upkeep, care and beautifying therefor, repealing all conflicting laws, and declaring an emergency."

It is apparent that this title deals with funds and that it does not deal with tax levies. It authorizes the establishment of a cemetery fund. It does not authorize a tax levy. The fund therein authorized to be established might come from any of a number of sources. The title does not indicate an intention to provide for a tax levy in addition to the tax levies theretofore provided for. That portion of the act itself providing for an additional levy of .5 mill is not expressed in the title to the act. The defendant says, "The person reading the title of this act would, naturally, glance at the first section and there would see that it was amending an existing law, and could not possibly be misled in any way." The purpose of the constitutional provision would be defeated should we give it that construction. Many members of the Legislature may have favored the establishment of a cemetery fund who would not have consented to the levying of an additional tax to create such a fund.

In St. Louis-San Francisco Ry. Co. v. Andrews, Co. Treas., 137 Okla. 222, 278 Pac. 617, there was under consideration chapter 13, S. L. 1925. There this court found that the right to levy a 1-mill ad valorem tax was not expressed in the title of that act and held that an ad valorem tax levy made under the authority of that act was invalid. This court therein said:

"This title nowhere remotely intimates that the board of county commissioners is going to be authorized to make an additional one-mill levy, and is therefore clearly violative of section 57, art. 5, of the Constitution, which provides:

"'Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title.'

"No one reading the title to this act would in the least expect to find authority for levying an additional one-mill tax, hence the judgment of the trial court in this regard is affirmed. See State ex rel. Attorney General v. Johnson, 90 Okla. 21, 215 Pac. 945."

That language may well be applied to the act in question here.

That portion of the act in question providing for a levy in excess of the current expense rate being invalid, the rule announced in Missouri, K. & T. Ry. Co. v. Bennett, 122 Okla. 102, 250 Pac. 1021, is controlling and the levy for cemetery purposes must be within the limitation of 6 mills provided for current expenses.

The reason for the rule herein stated was stated by this court in State ex rel. v. Johnson, 90 Okla. 21, 215 Pac. 945, and that decision has been consistently followed since that time. The rule was again stated in Walker-Taylor Co. v. Board of County Commissioners, 125 Okla. 226, 257 Pac. 324, wherein this court held:

"Where an act of the Legislature falls within section 57, art. 5, of the Constitution of Oklahoma, requiring that the subject-matter thereof be clearly expressed in the title, and such title merely relates to matters wholly incidental to the subject-matter contained therein, and in no manner discloses the vital object and character of the main purposes sought in such act, such title fails to meet the requirements of section 57, art. 5, of the Constitution, and is therefore invalid."

In the body of that opinion this court said:

"We do not think that it is either difficult or burdensome to require that all acts of the Legislature falling within section 57, art. 5, be given the proper title relating to the vital matters embodied in such acts."

See also, Pitts v. Allen, 138 Okla. 295, 281 Pac. 126.

The cases cited by the defendant follow the rule in force prior to the decisions of this court in State ex rel. v. Johnson, supra, and are not controlling.

The title to the act in question nowhere remotely intimates that the act will authorize an additional tax levy and, under the rule adopted and followed by this court, that portion of the act is in violation of section 57, art. 5, of the Constitution and is invalid. There was no error on the part of the trial court in sustaining the protest of the plaintiff, and its judgment thereon is affirmed.

The sixth cause of action involves a levy of 1 mill for the library fund of the city of Henryetta. The trial court rendered

judgment for the defendant. The contention sustained herein as to the cemetery fund is here made as to this fund. The act in question here is chapter 7, S. L. 1927, the title to which reads as follows:

"An Act to amend section 1, of chapter 112, of the Session Laws of Oklahoma, 1919, section 9528, Compiled Oklahoma Statutes, 1921, relating to public libraries, repealing all conflicting laws, and declaring an emergency."

Under the rule announced in Missouri, K. & T. Ry. Co. v. Bennett, supra, the library fund was required to be within the limitation of 6 mills for current expenses as provided by section 9692, C. O. S. 1921. It is here contended that the title to the act in question nowhere states that a tax levy in addition to that authorized by section 9692, Id., is to be authorized by the act. The title in question is materially different from the title to the cemetery act herein considered. The title to this act shows that section 9528, C. O. S. 1921, is to be amended. The act does not purport to be an amendment to section 9692, Id. That section limits the levies for current expenses. The act in question provides that the establishment and maintenance of a library shall not be a part of the current expense of a municipality.

In Pottawatomie County v. Alexander, 68 Okla. 126, 172 Pac. 436, this court used this language:

"Had the amended act been entitled generally as an act to amend chapter 152, any amendment germane and pertinent might have been made. * * *"

Section 9528, Id., provides for the establishment and maintenance of libraries and a tax levy therefor. The amendments contained in the act in question are germane and pertinent to the act amended and those amendments were authorized by the title to the bill.

There was no error in the judgment of the trial court in denying the protest as to this cause of action, and that part of the judgment is affirmed.

The seventh cause of action involves a levy of 4.22 mills for the sinking fund of the city of Henryetta. The trial court held that 3.07 mills was void and rendered judgment in favor of the plaintiff therefor.

The question involved is as to the proper method of computing the annual amount necessary to retire 14 outstanding bond issues at maturity. The trial court was in error in computing the amount of accrual necessary to retire these bonds. We will not undertake a computation as to each of the 14 different issues, but will reverse the cause as to this cause of action, with directions to the trial court to render judgment in accordance with the rules herein announced as to the third cause of action.

This cause is remanded to the district court of Okmulgee county for further proceedings consistent herewith.

RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and LANGLEY, J., absent. CLARK, V. C. J., dissents to the portion of the opinion holding a portion of chapter 8, S. L. 1927, inoperative and void.