## PROTEST OF ST. LOUIS-S. F. RY. CO.

No. 22110. Opinion. Filed May 12, 1931.

E. T. Miller and Cruce & Franklin, for protestant.

Roy Paul, Co. Atty. of Bryan County, and C. C. Hatchett, for protestee.

McNEILL, J. This action comes to this court on appeal to review the judgment of the Court of Tax Review in reference to certain levies for the taxes for the year 1930 for Bryan county, Okla., and involves two appeals, one by the St. Louis-San Francisco Railway Company, a corporation, and the other by the county excise board of Bryan county, Okla.

The protest presented by the railway company involves the drag fund levy of six townships in Bryan county, to wit, Colbert township, Brown township, Speairs township, Bokchito township, Bennington township, and Calera township. The protest as to these townships is the same as set forth in the Matter of the Woods County Protest, No. 22044, this day decided, 149 Okla. 45, 299 Pac. 184, which goes to the question of compliance with section 10203, C. O. S. 1921.

In the case at bar it is admitted that the estimates were properly made out, showing the necessity for the levy; that the levy was within the statutory limitation of 2 mills; that such estimate was approved by the county excise board; that the same was itemized in separate items and in all respects was made as the law required, with the exception that before the levy was made no record was made of the proceedings showing that the dragable roads were designated in the month of February, 1930, by the board of county commissioners, acting as township officers, or that there were any minutes of the proceedings showing that the officers had designated such roads. However, the evidence in the case does show that the board of county commissioners, acting as township officers, did designate the dragable roads in the month of February, 1930, in an informal way by indicating the dragable roads of the various townships in question on a map prepared by the county surveyor, each commissioner taking the roads of the township of his district, laying the same off on the map to be dragged for the year 1930. These township roads were marked in yellow and the county highways were designated in red. The county commissioners met sometime in the month of February and designated the roads in the manner above indicated. The Court of Tax Review found that there was a substantial compliance with the requirements of section 10203. The rule announced in the Woods County Case, supra, is conclusive of this question herein presented.

In reference to the appeal of the excise board of Bryan county, Okla., the facts are short. In the financial statement and estimated needs under the heading, "County Highway Fund," there is an item of $7,000 opposite the line, "County Engineer." Under this item the per diem, mileage, and sundries of the board of county commissioners is included under said lump of $7,000, it being contended that $3,690 of this constituted the per diem, mileage, and sundries of each member of the board of county commissioners estimated on the basis of $62.50 per month salary, $20 per month for mileage, and $20 per month for traveling expenses, making a total of $102.50 a month, for each commissioner, which amount the excise board of Bryan county contends was proper under section 6423, C. O. S. 1921, permitting a salary of $750 per year to each commissioner and an allowance of 5 cents per mile for each mile actually and necessarily traveled in going to and returning from each regular board meeting, and also in accordance with section 6383, C. O. S. 1921, providing additional compensation for the board of county commissioners.

This item is not properly itemized and does not constitute a proper charge or appropria-

tion for the county highway fund, and the Court of Tax Review properly found:

"That there is no authority in law for making and appropriating a levy therefor for county commissioner's mileage and per diem in the county highway fund; and that protestant's protest should be sustained to the extent of the levy necessary to raise $3,690 of the county highway fund appropriated, to wit, .22 mills."

Section 9692, C. O. S. 1921, in part, provides:

"In all counties, the total levy for current expenses of each county, city, town or township or school district, shall not exceed in any one year the following: county levy not more than four mills. * * *"

The correct rule to apply in this case is to be found in the case of M., K. & T. v. Bennett, 122 Okla. 102, 250 Pac. 1021, wherein the court states:

"The limitation statute invoked is section 9692, C. O. S. 1921. This section provides: 'In all counties, the total levy for current expenses of each county, city, town, township, or school district shall not exceed in any one year the following: * * * city levy not more than 6 mills.'

"We shall not comment upon this section of the statute, for we can add nothing more to what this court said in regard to the same in the case of Oklahoma News Co. v. Ryan, County Treasurer, 101 Okla. 151, 224 Pac. 969, and in Simmons v. Stuckey, County Treasurer, 113 Okla. 200, 241 Pac. 124. It is not amiss, however, in connection with the direct question raised in the instant suit, for us to readopt the language used in the syllabus in the first cited case to this effect:

" 'The "current expenses" of cities of this state which are limited to 6 mills by section 9692, Comp. Stat. 1921, includes not only current recurring expenses of the city government, but includes any expenditure for which a tax is authorized to be levied by the Legislature for any current fiscal year other than the taxes authorized by sections 10 and 27, art. 10, of the Constitution and the annual installments on bond issues and judgments, and interest thereon.'

" 'Of course, this part of the law announced in the said case is clearly intended to mean all character of expenses or levies unless the Legislature has by a clear direction given authority to the levying boards to fix a rate over and above the 6-mill limitation.' "

Such items for salary, mileage, and sundry expenses of county commissioners are current expenses and come under the limitation statute of section 9692, C. O. S. 1921, supra, which as applied to Bryan county is 4 mills. In this case no election was held authorizing an increased general fund levy.

Counsel for protestant herein properly contend that had the levy for current expenses for Bryan county been less than 4 mills, then it would have been a matter of bookkeeping, but that a matter of bookkeeping cannot be resorted to in transferring the item in question to the general fund, because the excise board on account of other items had reached the limit allowed it before this item came into consideration, and that it is a special levy in excess of what the Legislature deemed to be the proper amount to be levied for general fund purposes.

We conclude that the county commissioners' expense items to the amount of $3,690 in constituting the per diem, mileage, and sundry expenses of the county commissioners are like every other item of expense, a current or general fund expense, and as such, with the other items of expense, must come within the limitation fixed by section 9692, supra. The judgment of the Court of Tax Review is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. RILEY, J., absent.