## PROTEST OF ST. LOUIS-S. F. RY. CO.

No. 22063. Opinion Filed Dec. 8, 1931.

Cruce & Franklin, for plaintiff in error.

John Embry, Co. Atty., for defendant in error.

RILEY, J. This appeal, as presented, is from a judgment of the Court of Tax Review denying the protest of the appellant, St. Louis-San Francisco Railway Company, as to the levy of six mills made by the excise board of Lincoln county for the benefit of the city of Stroud for the fiscal year ending June 30, 1931.

A levy of six mills was made for current expenses. The protest is based upon five items in the appropriation, as not being sufficiently itemized. Four of the protested items are in the general expense account of the city designated as being for "sundry expenses." The protest charges an aggregate amount of $813.80, but the proof shows

these four items to aggregate $965. The fifth item challenged is an appropriation for the water and light department in the sum of $14,950.

Protestant contends that if these items of the appropriation are eliminated, the surplus on hand and estimated income from sources other than ad valorem taxes would have been sufficient to care for the entire current expenses of the city and no ad valorem taxes would be necessary. It is agreed that but for these items no ad valorem tax would have been necessary for current expenses.

The proof shows total appropriations of $34,425, including appropriations for sundry contingent expense in different departments of the city government, as follows:

| | |
|---|---:|
| City Clerk | $ 25.00 |
| Street Department | 500.00 |
| Fire Department | 140.00 |
| Sanitary Department | 300.00 |

Grubb v. Smiley, 142 Okla. 19, 285 P. 38, and Jones, County Treas., v. Blaine, 149 Okla. 153, 300 P. 369, are cited by protestant, and it is contended that under the rule applied in said cases the appropriations for sundry and contingent expenses are void and no tax levy could be made therefor.

In Grubb v. Smiley, supra, there was an item of $1,250 in the department of the county attorney, designated as for "sundry other expenses," and an item in the appropriation for construction of roads and for construction of bridges in one sum of $651,000. Nothing was said as to the validity of the item mentioned in the office of the county attorney. The appropriation for roads and bridges was held to be void. But this was because of failure to conform to the statute which requires appropriations for bridges to be so itemized as to show the location of each proposed bridge and the specific amount appropriated therefor.

Jones, County Treas., v. Blaine, supra, holds an appropriation for "Miscellaneous supplies and maintenance" void, where items designated for that purpose aggregating an amount in excess of $84,000 out of a total appropriation of $227,850 were included. In the street department a total appropriation of $35,740 was made. Of this sum $28,300 was for "Misc. supplies and maintenance." It was this particular item which the court said it could not give its approval. This court has never held that in no case could an appropriation be made by a municipality for contingent expenses without itemizing the same so as to show each particular item intended to be provided for. Counties, cities, and towns must of necessity have from time to time certain expenses which cannot be foreseen. To refuse to allow appropriations in reasonable amounts for such purposes would greatly hinder orderly government. That such appropriation cannot be itemized so as to show the particular expenses intended to be provided for is obvious, for where expenses cannot be foreseen, it is impossible to itemize them. The object in requiring appropriations to be itemized and statements of proposed appropriations to be published is that the taxpayers may know as far as possible for what purposes their money is to be expended. As a rule, all the principal necessary expenditures of a municipality may be foreseen and the items thereof set forth, but of necessity certain emergencies arise whereby it becomes necessary to expend moneys the particular necessity whereof could not be foreseen. Levies for such purposes, where reasonable, should be upheld, and have been under statutes which require all appropriations to be itemized. People ex rel. Abt v. Bowman (Ill.) 97 N. E. 304; People ex rel. Holmquist v. Ill. Cent. Ry. Co., 237 Ill. 324; People ex rel. Reynolds, County Clerk, v. C., B. & Q. Ry. Co. (Ill.) 138 N. E. 135.

In the Bowman Case, supra, it was said:

"Such items, when reasonable, have been sustained by this court. Whether or not a levy for contingent expenses is valid depends upon the amount levied when considered in connection with the size of the municipality levying the same."

It is only where the amounts, when considered in connection with the total needs of the municipality, are in such proportion of the whole as to show upon their face that they are unreasonable in amount that this court will say as a matter of law that the levies made therefor are invalid. It does not so appear in the instant case. Where it does not thus appear, we think there should be some showing made that the appropriation is unreasonable in amount or unnecessary before the levy therefor will be declared void. The appropriations for contingent expenses complained of were quite small when considered in connection with the total appropriation, and appear reasonable upon their face.

As to the item of $14,930 in the water department, stated to be for "distribution and maintenance," it appears from the record that at the close of the fiscal year ending June 30, 1930, there was a free cash surplus as shown by the financial statement of more than $25,000. Practically all of this cash surplus was derived from the water and light department. Aside from the appro-

priation made, the water department turned into the city treasury about $10,000, to be used in payment of current expenses of the city for the ensuing fiscal year. It will thus be seen that the water department of the city of Stroud was operated entirely apart from and without aid of ad valorem taxes.

This court held in In re Bliss, 142 Okla. 1, 285 P. 73, that:

"Where the water plant is operated separate and apart from the current expense fund of the municipality and without the aid of ad valorem taxation, expenditures for operating expenses, replacements, and extensions may be made from the income from the plant for the fiscal year without an appropriation having been made therefor."

It appears that the city of Stroud had complied with the rule announced in the above case and accounted for the net surplus arising from the operations of its water department, and turned some $10,000 thereof to the current expense fund. This department was more than self-sustaining. No ad valorem tax was necessary or requested for any part of the operating expense thereof. It would have been better and entirely proper had the appropriation been itemized so as to show more particularly how the proposed appropriation was intended to be expended, such as salary of regular employees, extra help, construction, equipment, supplies, labor, etc., so far as the same could be foreseen. But no taxpayer could be injured by failure to so itemize the appropriation. If, as was held in Re Bliss, supra, no appropriation need be made, there would seem to be no reason why the law would require an appropriation, which need not be made, to be itemized.

In this case the entire appropriation for the water department was made in the single item. If it was necessary to pay any part of the appropriation thus made from funds derived from ad valorem taxes, the appropriation in this form could not be approved. But since the water department produced sufficient surplus revenue to take care of the entire appropriation, and in addition thereto a large part of the necessary current expenses of the city, protestant could not be injured by failure to itemize the appropriation.

The judgment of the Court of Tax Review is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., not participating.