## PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 22280. Opinion Filed April 12, 1932.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robt. E. Lee, for protestant.

Jerome Sullivan, Co. Atty., and J. P. Speer, for protestee.

ANDREWS, J. This is an appeal by the protestant from a judgment of the Court of Tax Review in favor of the protestee, denying a protest to a levy for sinking fund purposes for the city of Comanche for the fiscal year commencing July 1, 1930. The basis of the protest is that the levy is excessive and void to the extent of 1.99 mills.

The record discloses that the city of Comanche issued its bonds dated September 1, 1920, which matured September 1, 1930. A levy for sinking fund purposes was made in the fiscal year commencing July 1, 1921, and a rate sufficient to produce the annual interest and one-tenth of the principal of the bonds was then levied. A similar levy was made for each succeeding fiscal year for nine years, which included the fiscal year in question.

The protestant contends that the levy for the fiscal year in question was illegal and void. If so, the rate of sinking fund levy was excessive to the amount of 1.99 mills. The protest was denied by the Court of Tax Review.

Since the date of maturity of the bonds was before June 15th, the whole number of levies made for sinking fund purposes by reason of those bonds should have been one less than the number of fiscal years intervening between the date of issuance and the date of maturity of the bonds. See Jones, Co. Treas., v. Blaine, 149 Okla. 153, 300 P. 369; McMahan v. Board of Education of Oklahoma City, 142 Okla. 110, 285 P. 953; Protest of O'Hornett, 149 Okla. 160, 300 P. 377; Protest of Blaine, 149 Okla. 161, 300 P. 377; Fearnside, Co. Treas., v. Lindhard, 149 Okla. 161, 300 P. 378; Protest of Trimble, 151 Okla. 74, 300 P. 406, and Adjustment Realty Co. v. Excise Board of Muskogee County, 149 Okla. 70, 299 P. 207.

Had the levies been made in accordance with that rule, the entire necessary amount to retire the bonds would have been raised prior to the year in question. The fact that an error was made in computing the rate of levy for sinking fund purposes during prior years did not warrant the excise board in making a levy for sinking fund purposes for the fiscal year in question. No part of the money raised by that levy was necessary for retirement of the bonds in question for they matured on September 1, 1930, prior to the maturity of the taxes levied for the fiscal year commencing July 1, 1930. The fact that there may be a shortage in the sinking fund (a fact not shown by the record) does not authorize the making of the levy in question. It was so held in Missouri, K. & T. Ry. Co., v. Goad, Co. Treas., 117 Okla. 129, 245 P. 617. See, also, Protest of Chicago, R. I. & P. Ry. Co., 143 Okla. 161, 288 P. 337.

The judgment of the Court of Tax Review is reversed and the cause is remanded to that court, with directions to sustain the protest and to make an order to the excise board and county officials in accordance herewith.

CLARK, V. C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY and CULLISON, JJ., absent.