STANDISH PIPE LINE CO. et al. v. OKLAHOMA COUNTY, EXCISE BOARD.

No. 30820.    May 5, 1942.

Rehearing Denied May 26, 1942.

*126 P. 2d 67.*

Mastin Geschwind, of Oklahoma City, for plaintiffs in error.

Lewis R. Morris, County Atty., and B. C. Logsdon, Asst. County Atty., both of Oklahoma City, for defendant in error.

WELCH, C. J. The governing board of the school district in Exhibit "M-G-2" of the form prepared by the State Examiner and Inspector, under the heading "Requirements for 1941-42" and under the subhead thereunder, "Estimated by Governing Board," entered the total sum of $7,486.17. Under the same head and under the subhead "Provided by County Excise Board," there is entered the total sum of $7,304.-39, no single item of requests having been increased by the excise board. It is conceded that such total appropriations made and the levy therefor are not in excess of actual requirements to pay sinking fund obligations.

The facts concerning the obligations are as follows: Bonds totaling $35,000 were issued in 1937, payable as follows: $12,000, 2-10-40; $12,000, 2-10-41, which have been paid; and $11,000, payable 2-10-42.

It is asserted here by protestant, under authority of Protest of Chicago, R. I. & P. Ry. Co., 156 Okla. 197, 10 P. 2d 398, and Jones, Co. Treas., v. Blaine, 149 Okla. 153, 300 P. 369, that an appropriation and levy could not be made specifically for any part of the $11,000 item for the fiscal year 1941-42, because the item matured at a date prior to the time the taxes would be collected in due course; and that such appropriation and levy could not be made under authority of the law as amended by chapter 27, S. L. 1933, 62 O. S. 1941, § 431, because the record does not sufficiently disclose the intention, desire, or pur-pose on the part of the governing board of the school district to proceed under the applicable provision of that section.

Under the law it is contemplated that the governing board of the taxing unit shall file with the excise board a formal financial statement, estimate of needs, and request for appropriations on a form prepared by the State Examiner and Inspector. It is from such estimate as filed in this matter that we have obtained all of the above data. The form as officially prepared provides spaces for disclosing data and analyzing it in detail, and if the same is complete, it is helpful in determining a request for sinking fund appropriation and levy. In the present case all of the blank spaces were not filled. The various detailed showings that might have been made were in some instances omitted and in some respects not shown with exact correctness. These slight errors and omissions are urged as supporting protestant's contention that the governing board of the school district did not sufficiently evidence its desire and conclusion to proceed under the statute cited.

However, further resort to the report and request, as filed, discloses that the governing board reported details as to maturity dates of the bonds and other details. And, as heretofore stated, the appropriation and levy made which is here under attack is not in excess of actual needs. We are justified in assuming that the governing board had knowledge of the provisions of the statute above referred to and knew that a levy could be requested and made only under the statute. It is therefore clearly apparent that the governing board was attempting to proceed under the provisions of the statute, and to obtain a legal levy for the needs of the sinking fund. While the governing board was not correct in exact detail in completing the report on the approved form, the same was sufficiently complete and correct to disclose the foregoing facts and it contained request for the appropriation and levy which was made.

We conclude that the record does disclose that the governing board of the district desired and intended to proceed, and to procure the making of a legal levy under the applicable provisions of the statute, and that such intention and purpose was sufficiently shown and stated, and that the levy made, within the exact needs, was legal and valid, and that the protest was properly denied by the Court of Tax Review.

We see no occasion for further discussion on the rules of the former decisions above cited, or of any part of protestant's contention which is specifically based upon such decisions.

Affirmed.

RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and GIBSON and ARNOLD, JJ., absent.