FIRST AMERICAN BANK AND TRUST COMPANY, Purcell, Oklahoma, an Oklahoma banking corporation, Petitioner,

v.

The BOARD OF COUNTY COMMISSIONERS OF BLAINE COUNTY et al., Respondents.

No. 47837.

Supreme Court of Oklahoma.

Nov. 5, 1974.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, by Thomas G. Hilborne, Jr., Oklahoma City, for petitioner.

B. J. Brockett, Oklahoma City, for respondents.

HODGES, Justice.

This is an application to assume jurisdiction and for a Writ of Mandamus because of the failure of defendants to provide for the levy and collection of a special tax for the year 1974–75 sufficient to pay interest and principal on an issue of General Obligation Limited Tax Bonds.

On September 19, 1967, a lawful majority of the registered qualified taxpaying voters of Blaine County, Oklahoma, approved the following Proposition:

"Shall the County of Blaine, Oklahoma, by its Board of County Commissioners incur an indebtedness by issuing its negotiable coupon bonds in the sum of One Million Dollars ($1,000,000) to provide funds for the purpose of securing and developing industry within said county, and levy and collect a special tax, payable annually, in addition to the legal rate permitted, upon all the real and personal taxable property in said county sufficient to pay the interest on said bonds as it falls due, and also to constitute a sinking fund for the payment of the principal thereof when due, said bonds to bear interest at not to exceed the rate of six per centum (6%) per annum, payable semi-annually and to be se-

rial bonds, maturing annually after three years from date of issue, and for a period within thirty years from their date; provided, however, that in no event shall the real and personal taxable property in said county be subject to a special tax in excess of five mills on the dollar for all bonds issued under Section 35, Article X of the Oklahoma Constitution."

The Board of County Commissioners of Blaine County, Oklahoma, sold, issued and delivered $1,000,000 aggregate principal amount of its "General Obligation Limited Tax Bonds of 1968" dated September 1, 1968, which were approved by the Attorney General. First American Bank and Trust Company, Purcell, Oklahoma, an Oklahoma Banking Corporation, is the owner of 1968 Bonds numbered 24–30 inclusive, in the aggregate principal amount of $35,000 of this issue.

The County did not make the normal sinking fund levy for payment of principal and interest on the 1968 bonds during the fiscal years beginning July 1, in each of the years 1969–1973, inclusive. Funds sufficient to pay principal maturing and interest due on the 1968 Bonds during those years were on deposit in the County's sinking fund.

The Board of County Commissioners of Blaine County, failed to include in their budget for the fiscal year 1974–75 the sinking fund levy required under the Oklahoma Constitution and the statutes for payment of the 1968 Bonds.

This levy was necessary because sufficient funds were not on deposit in the County sinking fund on June 30, 1974.

Petitioners seek a Writ of Mandamus to require the appropriate officers of Blaine County to extend a sinking fund levy for the fiscal year 1974–1975, sufficient to pay interest and principal on the bonds when due.

It is asserted that the respondents neglected their constitutional and contractual duty by failing to make the required levy, and that if the Writ is not granted, the bonds will go into default, and that such·

default would impair the credit of the State of Oklahoma and every political subdivision of the State. We agree.

The Board of County Commissioners (Commissioners) adopted a resolution on July 11, 1968, providing for a levy of an annual tax for payment of the principal and interest due on the bonds. The face of the bonds contains the recitation that the full faith, credit, and resources of Blaine County are irrevocably pledged to their payment.

█ It was unnecessary for the Commissioners to enforce the tax levy, for the years 1969–1973, because there were sufficient funds on hand to pay the principal and interest due on the bonds, and they had the constitutional authority to suspend its collection. See Okla.Const. Art. 10 § 35(c). However, sinking funds are presently insufficient, and it is imperative that the levy be made immediately for fiscal 1974–75. This Court held In Re Gypsy Oil Co., 141 Okl. 291, 285 P. 67 (1930) that such levies cannot be omitted for a current year and levied for a subsequent year. Procrastination can only result in default.

The Oklahoma Constitution Art. 10. § 28 contains a mandatory provision concerning bonded indebtedness. It states that:

"Counties, townships, school districts, cities and towns shall levy sufficient additional revenue to create a sinking fund to be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds as they fall due; third, for the payments of such parts of judgments as such municipality may, by law, be required to pay."

█ The effect of this constitutional requirement to require an estimate and levy to meet the interest accruing on the sinking fund indebtedness on bonds for the current fiscal year, and to add to the sinking fund the amount necessary annually to Oil Co., 285 P. 67 supra. See also Jones v. Blaine, 149 Okl. 153, 300 P. 369, 370 (1931).

It is also provided by 68 O.S.1971, § 2483 that the Commissioners shall prepare a financial statement, and an itemized statement of estimated needs to show the amount required by law to be provided for sinking fund purposes.

The County Excise Board (Board) is authorized by 68 O.S.1971, § 2496 to make the necessary levy for sinking fund purposes:

"Should any municipality fail to make and submit an estimate as herein provided, the County Excise Board shall have authority to make an appropriation for current expense and sinking fund purposes and make such levy therefor as it may find necessary to meet the probable needs of such municipality, provided that no such estimate shall be approved until the same shall have been by the County Excise Board advertised in like manner to items that shall be added to or increased in an estimate."

The Board should compute the levy and advertise the estimate as set forth in 68 O.S.1971, § 2487(3) which states that the Board shall:

"Examine the content of the estimate of needs, and if the governing board has failed to make provision for mandatory governmental functions, whether such mandate be of the Constitution or of the Legislature, or if the provision submitted by estimate be deemed inadequate, the County Excise Board shall, whether on request in writing by the officer charged with a mandatory duty on its own volition, prepare an estimate by items and amounts, either by the items submitted or by additional items, and cause publication thereof in some newspaper of general circulation in the county, in one issue if published in a weekly paper, and in two consecutive issues if published in a daily paper, and thereafter attach such estimate, together with affidavit and proof of publication, to that submitted by the governing board, for further consideration. However, nothing herein con-

tained shall prevent any governing board, upon a timely finding that its estimate of needs as first filed is inadequate, from filing a written request with the Excise Board to increase such estimate as to any item or items, whether mandatory or not; whereupon the excise board shall cause publication thereof, as aforesaid, at the expense of the municipality."

In Protest of Bledsoe, 161 Okl. 227, 17 P.2d 979 (1933) this Court held that the County Excise Board must make a proper levy for sinking fund purposes where other officials have failed to act. The Court stated at page 984:

"By the provisions of sections 26, 27 and 28, article 10, of the Constitution, a sinking fund is required to be provided, and it must be provided, although municipal officers make no estimate therefor. It is the duty of the excise board to make a levy for sinking fund purposes, as required by those provisions. If the estimate of needs for sinking fund purposes made by the municipal officers is insufficient in amount to conform to the constitutional provisions, the excise board should fix the rate of ad valorem taxation for sinking fund purposes in the amount required by the constitutional provisions, notwithstanding any legislative limitation upon its authority."

It is provided by 68 O.S.1971, § 2474(c) that:

"Should there be any correction or change in the levy of any municipality, after such levy has been certified by the County Excise Board to the County Assessor, regardless of whether such change is made by order of the County Excise Board or by a court of competent jurisdiction, it shall be the duty of the County Assessor to deliver the tax rolls to the County Treasurer, without regard to such change; and it shall be the duty of the County Treasurer, with the assistance of the County Assessor, to make the necessary corrections on the tax rolls after the same shall have been delivered to the County Treasurer."

Original Jurisdiction Assumed. Writ of Mandamus Granted. Respondents are directed to proceed in a manner consistent with this opinion.

All Justices concur.