THE PEOPLE *ex rel.* Allen E. Parmenter, County Collector, Appellant, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellee.

*Opinion filed December 17, 1912.*

1. TAXES—*when items of county tax levy are invalid.* An item of $2071.22 for "contingent" expenses in a county where the entire county levy is $64,000 is excessive; and an item of $6000 for "county farm" is too indefinite.

2. SAME—*what is properly included in school tax for building purposes.* Under section 189 of the School law, money expended for the improvement, repair or benefit of school houses is to be paid from the tax levied for building purposes, and no petition therefor is necessary.

3. SAME—*when objection to tax for building purposes should not be sustained.* An objection to a tax for building purposes should not be sustained upon the ground that there was no election held for building a new school house where no evidence was introduced upon the question, as the court cannot take judicial notice that the sum so levied was not needed for the ordinary repairs and improvement of school buildings and grounds but was to accumulate a fund for building a new school house.

APPEAL from the County Court of Whiteside county; the Hon. WILLIAM A. BLODGETT, Judge, presiding.

J. J. LUDENS, and JACOB CANTLIN, for appellant.

J. A. CONNELL, and W. D. BARGE, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The board of supervisors of Whiteside county levied a tax of $64,000, of which $6000 was stated to be for "county farm" and $2071.22 for "contingent." The directors of school district No. 13 levied a tax of $10,100 for "educational purposes" and $7500 for building purposes. The appellee's objections to judgment against its property for taxes extended on these levies were sustained. The objection to the county tax was that the purposes specified were too indefinite and the levy for contingent expenses excessive, and we have so held. (*People* v. *Bowman*, 253 Ill. 234; *People* v. *Chicago, Burlington and Quincy Railroad Co.* id. 100.) The objection to the school tax was that no election had been held for the building of a new school house, and this was stipulated to be true. Section 189 of the School law now provides that sums expended for the improvement, repair or benefit of school buildings shall be paid from the tax levied for building purposes. We cannot take judicial notice that the sum levied by the school directors was not needed for the ordinary repairs and improvement of school buildings or grounds, for which section 189 expressly says no petition shall be necessary, but was for the purpose of accumulating a fund for building a new school house, and no evidence was introduced on this question. The objection to the school tax should have been overruled.

The judgment as to the county tax will be affirmed but as to the school tax it will be reversed, and the cause will be remanded to the county court, with directions to overrule the objections and enter judgment for the amount of the school tax.

*Affirmed in part and remanded, with directions.*