(No. 11667.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* Aud Parks, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1917.*

1. TAXES—*the county board cannot levy for full amount of the State's attorney's salary without deduction of amount to be received in fines, fees and forfeitures.* While the county board may exercise a reasonable discretion in the matter, it has no authority to levy the full amount of the salary of the State's attorney or his assistants without deduction of the amount of fines, fees, forfeitures and penalties that will probably be collected by him and turned into the county treasury for the year for which the levy is made.

2. SAME—*court cannot take judicial notice whether there are subordinate officers in a county.* There are a number of subordinate county officers whose salaries may be rightfully included in an item of the county tax levy for "salaries of county officers," and the Supreme Court cannot, in order to determine whether such item is excessive, take judicial notice whether or not a particular county has such officers, and if so, the number thereof and their salaries.

3. SAME—*the party objecting to tax must prove its invalidity.* Parties objecting to a tax have the burden of proving its invalidity, as the presumption is that all officers having any connection with a tax have properly discharged their duties as to the levying of the same, and this presumption can be overcome only by clear testimony.

4. SAME—*no levy can be made for damages for laying out or altering road unless damages have been agreed upon and allowed.* No additional tax levy to pay damages for laying out or altering a road can be made unless the damages have been agreed upon, allowed or awarded to property owners, and the record of the highway commissioners must show that damages have been allowed for such purpose.

APPEAL from the County Court of Williamson county; the Hon. W. F. SLATER, Judge, presiding.

H. T. DICK, and DENISON & SPILLER, for appellant.

R. R. FOWLER, State's Attorney, and D. L. DUTY, for appellee.

281 — 12

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant prosecutes this appeal from a judgment and order of sale against its property for delinquent taxes by the county court of Williamson county at its June term, 1917.

From the record it appears that the county board of said county levied for "salaries of county officers" $8000. The appellant objected to the sum of $5050 of said item as illegal and void, for the reason that the only salaries for which such levy could be legally made in the said county are as follows: County judge $1000; superintendent of highways $950; county mine examiner $1000; making a total authorized levy of $2950. The alleged excess of $5050 is objected to as void because the State's attorney in said county in the year 1916 had collected in fees, fines and forfeitures the amount of his salary and largely in excess thereof. Appellant introduced in evidence the State's attorney's report to the circuit court of said county from September 28, 1915, to February 7, 1916, and from February 8 to April 29, 1916, and from April 30 to September 25, 1916. These reports show that during that period the State's attorney had collected and paid into the county treasury for fees, fines and forfeitures collected by him, the sum of $5394.90. It was stipulated that the annual salary of said State's attorney is $3900, of which $400 is paid by the State. From this showing in the record, in the absence of further evidence on the part of the People, the county board had no authority to levy the full amount of $3500 for salary of the State's attorney. This court has repeatedly held that while the county board may exercise a reasonable discretion in the matter, it has no authority to levy the full amount of the salary of the State's attorney or his assistants without deduction of the amount of fines, fees, forfeitures and penalties that will probably be collected by him and turned into the county treasury for the year for which the levy was made for his salary. (*People* v. *Chicago Great Western Railroad Co.* 279 Ill. 176.) This record, however, does not

affirmatively show that any part of the $8000 item was levied for State's attorney's salary. In fact, there is absolutely no showing, by recitals in the levy or otherwise, as to what salaries said $8000 item does include. Appellant assumes in its brief and argument that the county judge, county superintendent of highways and county mine examiner are the only county officers of Williamson county, except the State's attorney, for whose salaries a levy can be made under the item "for salaries of county officers." There are a number of other county officers whose salaries may be and have been considered by this court as properly levied under said item, to-wit, members of the board of supervisors, (*People v. Toledo, St. Louis and Western Railroad Co.* 265 Ill. 502,) assistant State's attorneys and assistant superintendents of schools. (*People v. Toledo, St. Louis and Western Railroad Co.* 267 Ill. 142.) We cannot assume that there are no such county officers in Williamson county. The appointment of assistant State's attorneys depends upon the action of the State's attorney and the county board, and the number of such assistants to be appointed depends upon the needs of the county and the action of the State's attorney and the county board. In like manner the number of assistant superintendents of schools to be appointed in any county, as well as the question whether or not any at all be appointed, depends upon the action of the county board and the superintendent of schools. The salaries of all such officers are fixed by the county board. We cannot, therefore, take judicial notice of the fact whether or not any county has such assistants, and if so, the number thereof, and we cannot take judicial notice of the amount of salary that the county board has allowed where there are such officers. Parties objecting to a tax have the burden of proving its invalidity. The presumption is that all officers having any connection with a tax have properly discharged their respective duties as to the levying of the same. This presumption can only be overcome by clear testimony. (*People v.*

*Atchison, Topeka and Santa Fe Railway Co. 276* Ill. 208.) The court did not err in overruling the objection to said taxes.

The objection of appellant that the road and bridge tax of Herrin township levied against its property for the year 1916, aggregating $17.43, was void because there had been no road and bridge damages for said year actually agreed upon, allowed or awarded in favor of property owners and entered in the clerk's record, as required by law, should have been sustained. One of the commissioners of said township testified that some damages had been allowed and some agreed upon prior to the levy of said tax but no definite amount was stated by him, so that it is impossible to ascertain from this record what amount of the levy, if any, is excessive. Some part of the levy is shown by his testimony to be excessive, as he testified that not all the amount levied had been awarded, allowed or agreed upon prior to the levy of the tax. In addition to the testimony of the commissioner, the town clerk testified that he had examined the town clerk's record for the years 1915 and 1916, and that there is not any record in the clerk's books showing that the commissioners of highways had agreed upon, allowed or awarded damages for laying out, widening or altering roads, and ditches to drain the roads, at any time prior to the time the tax levy for the year 1916 was made. No additional tax levy to pay damages allowed, awarded or agreed upon for the purpose of laying out, widening, vacating or altering roads, or for ditching to drain roads, can legally be made unless the damages have been agreed upon, allowed or awarded to the property owners, and the record of the highway commissioners must show that damages have been agreed upon or awarded to property owners for some one or more of such purposes. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. ante,* p. 152.) The foregoing evidence is uncontradicted and rendered the entire levy as to said item void.

As to the county tax levy the judgment of the county court is affirmed and as to the Herrin township tax aforesaid the judgment is reversed and the cause is remanded, with directions to sustain the objection thereto.

*Reversed in part and remanded, with directions.*