(No. 26210.—

THE PEOPLE *ex rel.* B. H. Heuer, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed September 17, 1941.*

ANDREW C. SCOTT, and JAMES I. SHIELDS, for appellant.

MARK A. PENICK, State's Attorney, (ARTHUR R. ROY, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The Chicago, Burlington and Quincy Railroad Company objected to the 1939 county general corporate purposes tax levy of Adams county on the grounds that the county board failed to itemize properly the purposes and amounts, contrary to section 156 of the 1939 Revenue act. (Ill. Rev. Stat. 1939, chap. 120, par. 637.) It also objected to the following specific items in that levy: "Circuit Clerk for official services, $2000; County clerk for official services, $2000; Sheriff for official services, $6300; Sheriff per diem attending county and circuit courts, $5500" * * * "for the reason each of these officers was paid a stipulated salary for 'official services' and the constitution provides that their salaries, deputy hire and office expenses must be paid out of fees earned and collected." The objection to the items "Salary of Deputy coroner, $300" and "Salary for coroner and expenses, $1400", as stated, was that they were void for the reason that "the coroner and deputy coroner are paid out of fees and not salaries." As to the last three items named, "Supplies county offices, Legal Blanks, $2000"; "Record Books, $2000" and "Stationery, $2000", the objector says they were payable only "out of fees earned and collected by county officers."

The railroad company also objected to the 1939 levy for the Tri-Township Fire District for the reason that from the certificate of levy it appeared that the levy ordinance was passed and certified to the county clerk after the second Tuesday in August, 1939, which was August 8, contrary to the provisions of section 157 of the 1939 Revenue act, above cited. A stipulation in the record shows that this levy ordinance was adopted Friday, August 11, 1939, and filed with the county clerk four days later. The county court of Adams county overruled these objections and the railroad company has appealed.

The parties stipulated that the county board of supervisors adopted the appropriation ordinance, September 13, 1939, and the levy ordinance December 13, 1939. The former was carried into the latter *verbatim,* and no other itemization was made in the levy ordinance. The stipulation sets out the specific items above enumerated and shows the aggregate amount of the appropriation items was $164,775 from which was deducted $30,000 designated "Amount estimated of receipts from earnings of officers, and from all other sources $30,000", and that this was true of both ordinances. The balance of $134,775 was designated "Totals General Fund $134,775". It is also stipulated that a resolution was adopted December 13, 1939, which reads in part: "And be it further resolved and ordered, that the County Clerk of said County of Adams be, and he is hereby empowered and directed to extend upon the Collector's books of said County against the taxable property of said County the said amounts hereinbefore by this Board so appropriated and levied."

Appellant's first contention is that the levy for county general corporate purposes was void because, first, the $30,000 was not subtracted from the total amount of the appropriations ($164,775) and the balance itemized in the levy ordinance so that the sum of its items would be $134,775 without any subtraction being made from the last named total; and, second, that the several items listed above which are objected to and which total $27,000, coupled with the claimed improper itemization in the levy ordinance, made it impossible for taxpayers to determine what part of the $134,775 was levied for any specific purpose. By the second part of this objection, appellant assumed that the particular items, above set out, were absolutely void, although there had been no such adjudication. Naturally, the collector's application for judgment and sale was filed long after the levy ordinance was passed. Objections could not be filed and adjudicated until the applica-

tion was on file. Whether it finally develops that appellant's objections to specific items are well taken or are overruled, the assumed invalidity of those items could not be made the basis of its claim that the whole levy for general county corporate purposes, of which they were a part, was void. To permit this would be equivalent to allowing an objector to make matters that happened subsequent to the adoption of the levy ordinance, a basis for tax objections. In *People* v. *Scott,* 300 Ill. 290, two items of a school district tax levy were objected to because of matters that occurred after the levy had been made. At page 298 and at page 300 of that opinion this court held the validity of a levy must be determined at the time it is made, and a similar holding is contained in *People* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* 316 Ill. 310, and *People* v. *Chicago and Eastern Illinois Railway Co.* 343 id. 101.

Let us suppose that appellant's objections to the specific items are sustained. Through its own diligence and its efforts to protect its property from an illegal tax levy a computation will have to be made. But taxpayers who made no objection to those items, or who did not make the same objections, would obtain no benefit whatever through the order of court which sustained appellant's objections.

This computation has no effect whatever upon the one the appellant claims it was required to make in the first instance to determine what part of the tax levied was to be used for any particular purpose. The computation that must be made where tax objections to items in the general corporate purposes levy are sustained, must be made to determine what rate of tax results when the invalid items are subtracted from the total amount levied. If this is not done the objector would win an empty victory and the fruits of his labors would be lost. The value of his property for taxation purposes must be multiplied by the reduced rate and this amount must be subtracted from the

original amount levied against his property, so that it can be known what part of that original amount of tax is to be abated.

The views just expressed are not consistent with what was said with reference to the general corporate purpose county levy in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 360 Ill. 433, but it should be pointed out that although, in that case, the fact was that the amendment of the tax levy, passed December 22, 1933, was to remove from the levy $7800, made up of admittedly illegal items in the levy for salaries of the county clerk, circuit clerk, sheriff and county treasurer, and no corresponding reduction was made in the sum of "$54,572.67, estimated earnings of county offices," this could only work a benefit to the taxpayer on account of which he could not complain. The amendment of the tax levy by that resolution which removed the four illegal items from the levy ordinance and subtracted the total of $7800 from the total levy of $111,427.33 made no additional and no more difficult calculation necessary, on the part of a taxpayer, than if $7800 and the original amount subtracted ($54,572.67) had been added together and subtracted as one item from the total amount of the items contained in the levy ordinance. It is pointed out in that decision that the levy ordinance contained items such as "$3000 for mileage and per diem" and expenses of county offices but the taxpayer could and did object to such items. The fact that such items are contained in a levy ordinance does not render it void *in toto* no matter how invalid the particular items may prove to be. Taxpayers are required to deposit at least 75 per cent of the amount of taxes they object to. If their objections are sustained the overpayment is refunded to them. This, as has already been pointed out, requires a computation, but it in no way complicates or relates to the initial computation the taxpayer has to make in a case such as the one before us and in the *Burlington case* just cited. To the

extent that the holding in that case is inconsistent with the views here expressed, that decision is overruled.

In further support of this view, we call attention to our holding in *People* v. *Diversey Hotel Corp.* 364 Ill. 298. Although it is admitted, as pointed out there, that section 121 of the Revenue act (Laws of 1871-72, p. 1) was held inapplicable to the Chicago Sanitary District in *People* v. *Bowman,* 253 Ill. 234, this is immaterial because the Smith-Hurd Illinois Revised Statutes of 1935, chapter 42, paragraphs 324b, 324c (4 and 5) 324d, 324e and 324f required the Sanitary District of Chicago to adopt a budget and an appropriation ordinance both of which had to be itemized. It was pointed out in that decision that this statute required publication of all essential steps in arriving at the amount to be appropriated and levied. It required publication of detailed statements of all items of receipts and expenditures and also of funds of the district which were required to be designated and also publication of the detailed statements thereof. The requirement as to itemization was present in that case although the act did not require it to be made in the levy ordinance. This court there said: "As to the Sanitary District of Chicago corporate fund tax, appellant contends that the levy is illegal in that it does not show the amount appropriated for each object or purpose. On this point the sanitary district replies that the amount levied for each purpose need not be set out in itemized detail in the levy ordinance and that it is set forth with sufficient particularity in the appropriation ordinance. * * * Appellant's argument in regard to the Sanitary District of Chicago corporate fund tax centers around a contention that in the final result it has become impossible for a taxpayer to know how much has been levied for any specific item within that fund. It points out that the original appropriation ordinance aggregated more than eight million dollars for this fund; that it was reduced to four million dollars by the tax levy ordi-

nance, which was again reduced by an extension of only the maximum rate permissible, and once more reduced by the order of the county court when it held that all of that portion which the clerk had added for loss and cost in excess of .0463 per cent was excessive and illegal." (It should be noted here that the last two matters relied on in the objection were things that occurred after the levy ordinance was adopted and that the last was an item held illegal in the county court.)

After distinguishing the case from those involving county, city, village and township tax levies it was held that there was nothing in that record showing any defect in compliance with the statute and that the presumption is that all officers have properly discharged their duties. It might be said that the narrow point decided was that the levy ordinance was not required to be itemized, but the holding is broader than that. It holds that the appellant's contention that it could not tell because it was not sufficiently advised by the steps taken, just what was levied for any particular purpose, was not a sound objection, even though the three reductions in the aggregate amount in the appropriation ordinance made it necessary for it to resort to the budget and the appropriation ordinance of the sanitary district in order to determine the facts as to the matters objected to.

In *Chicago, Peoria and St. Louis Railway Co.* v. *People,* 225 Ill. 463, the objection was similar to that here involved, namely, that since the appropriation ordinance had been carried *verbatim* into the levy ordinance with the same subtraction of assets other than receipts from the current tax to be levied, and no further itemization had been made in the latter ordinance, the objecting taxpayer could not tell what amount was levied for any specific purpose. This court said: "Although we consider it better practice to include an itemized list in the tax levy ordinance, stating the actual amount for each purpose for

which the levy is made, as well as an itemized list of the appropriations, we do not consider that the absence of the former list will invalidate the ordinance here in question, as the amount levied for each purpose may be easily found by a simple mathematical computation. The amount of levy for a given purpose, say for the waterworks, will bear the same proportion to the amount appropriated for waterworks as the whole amount levied does to the whole amount appropriated, and the same would be true of every item on the list of appropriations." This same sort of objection was overruled in *People* v. *Otis,* 367 Ill. 136, 143, but this court has gone further than this in its holdings as to itemization in tax levy ordinances. In *Spring Valley Coal Co.* v. *People,* 157 Ill. 543, and in *Chicago and Eastern Illinois Railroad Co.* v. *People,* 218 id. 463, 464, where the levy ordinances merely referred to the appropriation ordinances, tax objections were overruled which raised the point that there was a want of itemization in the tax levy ordinances. In the last case cited this court said, at page 464: "The tax levying ordinance should have specified in detail each object and purpose for which the tax was levied. As, however, it in express terms referred to the appropriation ordinance, which ordinance contained such information in detail, the tax levy was not void by reason of such omission in the tax levying ordinance, as the omission from the tax levying ordinance of such detailed information did not affect the substantial justice of the tax, and the defect was cured by section 191 of the Revenue act." (Laws of 1873, p. 48.) Then follows the statement that the point was decided in the *Spring Valley Coal Co. case, supra,* and that the decision there was controlling. For the reasons stated the appellant's objection to the entire county general corporate purpose levy was properly overruled.

Returning to the objection to the items enumerated, neither it, nor the notice of appeal, contained any refer-

ence to the county judge and State's attorney items in the levy ordinance. The State's attorney has been held not to be a county officer within the meaning of section 10 of article 10 of the constitution, (*Hoyne* v. *Danisch,* 264 Ill. 467; *Butzow* v. *Kern,* id. 498;) and further, in *People* v. *Wabash Railway Co.* 368 Ill. 497, where the same facts were presented as to an item in the levy ordinance concerning the State's attorney, a similar objection was overruled. Section 10 of article 10 has no application to the item for county judge's salary because that is not a fee office and the section limits its own application to "all cases where fees are provided for," etc. This court held that the legislature, and not the county board, had the power to fix the county judge's salary, in *People* v. *Smith,* 327 Ill. 11.

The maximum compensation to be paid county officers is fixed by section 10 of article 10 of the constitution. Their compensation is paid only out of fees actually collected and shall in no instance exceed the fees actually collected. The "compensation" may be fixed in a lump sum in the appropriate ordinance, in which case the county officer may retain as his compensation the whole amount out of fees collected, (*Kilgore* v. *People,* 76 Ill. 548; *Coles County* v. *Messer,* 195 id. 540; *People* v. *Frick,* 367 id. 446;) or it may be fixed as compensation for the performance of the county officer's official duties in one item, and "clerk hire, stationery, fuel and other expenses" (sec. 10 of art. 10 of the 1870 constitution,) as other items. In this latter case, the county officer can only retain on account of the latter items, no matter what amount was fixed by the county board of supervisors or commissioners, from the fees collected by him enough to reimburse him for the amounts reasonably and necessarily expended for such purposes. (*Coles County* v. *Messer, supra; People* v. *Frick, supra.*) This amount, plus the first item which covered

the value of the official duties rendered, will constitute his compensation as that term is used in section 10 of article 10 of our constitution. What has just been said demonstrates that the county court erred when it overruled appellant's objections to "Circuit Clerk for official services, $2000", "County Clerk for official services, $2000", "Salary for coroner and expenses, $1400", "Sheriff for official services, $6300," "Supplies County Offices: Legal Blanks, $2000, Record Books, $2000, Stationery, $2000."

It is no answer that circuit clerks and county clerks are allowed a per diem for days spent in court, for "official services" conveys no idea what they consisted of other than official duties generally.

The objection to the item "Salary of Deputy coroner $300," was properly overruled. This office was created by the General Assembly in 1881, and it is not a county office within the meaning of section 10 of article 10 of the constitution. Ill. Rev. Stat. 1939, chap. 31, par. 27, p. 822.

The last of these items to be considered is "Sheriff, per diem attending County and Circuit Courts, $5500". In *People* v. *Foster,* 133 Ill. 496, the per diem allowed (Ill. Rev. Stat. 1939, chap. 53, par. 37, p. 1657) for attendance by the sheriff or a deputy at the sessions of the circuit and county courts was held to be a fee rather than compensation. At page 519, this court held that money received from the State for transporting prisoners, money received in criminal cases where the accused is acquitted, the per diem above referred to, and, in short, any and all money the sheriff receives for services rendered by his office whether ordered paid, by statute, out of the county treasury or payable by individuals, are fees, and that he must account for it and can retain only his compensation. He must pay the excess into the county treasury. (Ill. Rev. Stat. 1939, chap. 53, par. 69, p. 1664.) The county board had a right to levy to pay these fees because the statute

authorized their payment out of the county treasury. In spite of the fact that the sheriff had to record their payment just as he did all money he received and could not receive more than his compensation as fixed by the constitution and the county board, nevertheless, the levy is valid. There is no showing that the board abused its discretion or that the amount was so grossly in excess of what would be required that it amounted to fraud in law. There was no error in overruling appellant's objection to this item.

As to the tax for the fire district, the stipulation shows the levy ordinance was enacted August 11, 1939. The proper authorities of the fire district were required by statute to certify, on or before the second Tuesday in August, to the county clerk the amount they required to be raised by taxation. (Ill. Rev. Stat. 1939, chap. 120, par. 638.) Since the amount required to be raised by taxation had to be certified by the second Tuesday in August, it follows that the levy from which the amount was ascertained had to be enacted by that date. (*People* v. *Bowman*, 253 Ill. 234.) The second Tuesday in August, 1939, was August 8, and the proper authorities failed to either make the levy or certify the amount to be raised by taxation by that date. Consequently, the appellant's objection to the fire district tax should have been sustained. *People* v. *Chicago, Rock Island and Pacific Railway Co.* 269 Ill. 513.

The judgment of the county court of Adams county is affirmed in part, reversed in part, and the cause is remanded, with directions to proceed in accordance with the views herein expressed.

*Affirmed in part, reversed in part,*
*and remanded, with directions.*