(No. 26726.—
THE PEOPLE *ex rel.* Lula M. Ross, County Collector, Appellee, *vs.* CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY *et al.,* Appellants.

*Opinion filed September 21, 1942—Rehearing denied Nov. 12, 1942.*

M. L. BLUHM, R. W. SPANGENBERG, and JOHN D. TURNBAUGH, for appellants.

J. L. BREARTON, State's Attorney, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a judgment of the county court of Carroll county, overruling objections of appellants to judgment for delinquent taxes for the year 1939. There are two objections involved on this appeal. The first relates to the equalized value of the property of appellants in the county and the debasing factor used by the Tax Commission in arriving at the equalized assessed valuation of appellants' property. The second objection relates to certain items included in the levy for general county purposes.

The case was tried on an agreed statement of facts. The full value of appellants' property throughout the State was found and fixed by the Tax Commission in accordance with the plan adopted and followed by the commission in the case of *Mobile and Ohio Railroad Co. v. State Tax Commission,* 374 Ill. 75. The commission then determined that the full value of appellants' property in Carroll county for the year 1939 was $3,837,302. No question is raised as to the action of the Tax Commission in fixing the full value of the property, nor in the allocation or apportionment of such value to appellants' properties located in Carroll county.

Having found the full value of the property by this method, the commission then determined that the average equalized assessed value of all property throughout the State, for the year 1939, was 35 per cent of the total full value of the property assessed, as fixed by the various local assessing authorities. The commission further found that the assessed value of all property in Carroll county for said year, as fixed by the local assessing officials in such county, was fifty per cent of the full value of the property assessed. In determining the equalized valuation of appellants' property, certified to the county clerk of Carroll county, the commission applied to the full assessed value, as determined by it, an equalizing factor of 50 per cent. The taxes here involved were extended on the equalized assessed

valuation of 50 per cent of the full value of appellants' property, located in Carroll county, as fixed by the Tax Commission.

The parties to this case have stipulated that the Tax Commission, in assessing the property of appellants in Carroll county, and throughout the State, for the year 1939, and in equalizing the assessment thereof, proceeded in the same manner and followed the same methods followed by the commission, as set forth in the opinion in the case of *Mobile and Ohio Railroad Co.* v. *State Tax Commission, supra.* Appellants paid that portion of the taxes which would have been produced had the property been equalized and assessed at 35 per cent of its full value, and objected to the taxes produced by extending the rates upon the excess over 35 per cent of the full value of the property, as fixed by the commission.

Appellee admits that under the holding of this court in *Mobile and Ohio Railroad Co.* v. *State Tax Commission, supra,* the taxes extended on an equalized assessed value in excess of 35 per cent of the total value of appellants' property in the county of Carroll, as fixed by the Tax Commission, were excessive and illegal. While it is admitted that the courts have authority to set aside an entire valuation, if erroneously or improperly made, it is contended that the valuation fixed by the assessing authorities cannot be set aside in part and approved in part. It is argued that this would result in the court fixing the assessed value on which taxes are to be extended, which is beyond the power of the courts. It is further contended, that if the valuation has not been fixed according to law, by the assessing officers, then in the absence of fraud, the court cannot sustain an objection to the excess, but can only determine whether the taxing authorities have complied with the law in fixing the valuation. Appellee insists that the courts can give no relief from an excessive valuation on an application for judgment for delinquent taxes in the absence of

proof of fraud in making such valuation. The contention that fraud must be alleged and proved in order to entitle a taxpayer to obtain relief from an excessive valuation on application for judgment for delinquent taxes, is correct. However, appellee misconstrues the authorities as to the proof necessary to establish fraud in such cases. The objection in this case is that the assessment of appellants' property, certified to the county clerk and on which the taxes were extended, was illegal and excessive in that the Tax Commission "intentionally, willfully and fraudulently, equalized said assessment on the basis of 50 per cent of the actual full market value thereof, as found by the State Tax Commission, although at the time of making and equalizing said assessment, the said Tax Commission well knew that property in general, throughout the State of Illinois, was, for the year 1939, as well as several years prior thereto, including the year 1938, intentionally and systematically assessed by virtue of a well-defined and recognized custom at a general average of not more than 35 per cent of the actual full market value thereof." It is further alleged that this resulted in discrimination in the assessment in violation of section 1 of article IX of the constitution and of the fourteenth amendment. This is exactly the plan followed by the Tax Commission in *Mobile and Ohio Railroad Co.* v. *State Tax Commission, supra,* which this court held violated the rule of uniformity guaranteed by section 1 of article IX of the constitution. As already observed, it was stipulated in this case that the same plan was followed in this case as in the *Mobile and Ohio Railroad case,* above referred to. The right to raise this question on application for judgment for delinquent taxes has been so frequently and uniformly sustained by this court, that the citation of authorities in support of the rule seems unnecessary. (*People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 Ill. 543; *People ex rel. Wangelin* v. *St. Louis Bridge Co.* 357 id. 245; *People ex rel. Wangelin*

v. *Wiggins Ferry Co.* 357 id. 173; *People ex rel. McDonough* v. *Grand Trunk Western Railroad Co.* 357 id. 493; *People ex rel. McDonough* v. *Illinois Central Railroad Co.* 355 id. 605; *People ex rel. Miller* v. *Chicago, Burlington and Quincy Railroad Co.* 300 id. 399; *People's Gas Light and Coke Co.* v. *Stuckart,* 286 id. 164.) That the intentional violation of the rule of uniformity in the valuation of property for taxation amounts to constructive fraud, and that no proof of actual fraud is necessary, is so definitely settled by the above cases, and many other cases on the subject, that a restatement of the rule and the principles upon which it is based, would be a useless repetition. The contention of appellee that the courts are powerless to protect the taxpayer from an excessive valuation, knowingly and intentionally made, in violation of the constitution, is contrary to all the holdings of this court on the subject and cannot be sustained. The court erred in overruling this objection.

The second objection involved in this case relates to three items contained in the levy for general county purposes. This levy contained an item of $3000 "for record books for county officers." An item of $150⊚ "for printing and stationery for county officers" and an item of $2500 "for contingent purposes." A statement of these items alone, clearly demonstrates their invalidity. As to the first two items, the identical questions were passed upon by this court in *People ex rel. Heuer* v. *Chicago, Burlington and Quincy Railroad Co.* 377 Ill. 470. In that case items included in the levy under similar general designations were held bad, under section 121 of the Revenue Act of 1872. (Ill. Rev. Stat. 1937, chap. 120, par. 109.) This is section 156 of the Revenue Act of 1939. Ill. Rev. Stat. 1941, chap. 120, par. 637.

As to the item of $2500 for contingent purposes, it has been said repeatedly by this court, that it is not unlawful to levy a comparatively small amount to meet contingencies

which cannot be anticipated. While no hard and fast rule as to the amount or percentage of the total tax levied can be laid down, the purpose of the section of the Revenue Act, requiring that the purpose for which taxes are levied shall be itemized, is to give the taxpayer an opportunity to know the purposes for which the tax is being levied and collected, and an opportunity to object to an unjust tax levy. This court has recognized the necessity for an assessment of a small amount for contingent or miscellaneous expenses for the reason that it is not always possible to foresee all contingencies which may arise, requiring the expenditure of money. Such levies must, however, be in a very small proportion to the entire tax. The right of the taxpayer, given by said section of the Revenue Act, to have separately stated the purposes for which the tax is levied is a substantial right of which he cannot be deprived through the guise of possible unforeseen needs. *People ex rel. Bracher* v. *Millard,* 307 Ill. 556; *People ex rel. Williamson* v. *Chicago, Burlington and Quincy Railroad Co.* 253 id. 100; *People ex rel. Correll* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 id. 209.

In *People ex rel. Parmenter* v. *Chicago, Burlington and Quincy Railroad Co.* 256 Ill. 476, the total levy for county purposes was $64,000. There was contained in this levy an item of $2072.22 for "contingent." This levy for contingent expenses was held to be excessive. In this case, the total levy for general county purposes was $49,000, of which $2500 was levied "for contingent purposes." Under the above authority, and many other cases which might be cited, the levy of this item for contingent purposes was excessive and the objection thereto should have been sustained.

It is practically conceded by appellee, in the argument, that under the case of *Mobile and Ohio Railroad Co.* v. *State Tax Commission, supra,* the assessment cannot be sustained because of the excessive valuation. It is further substantially conceded that the taxes based on the three

items above referred to, in the county levy, cannot be sustained under the holding of this court in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 377 Ill. 470. The burden of the argument of appellee is that these cases should be overruled. We are not impressed with the force of this argument.

The judgment of the county court overruling the objections here involved is reversed and the cause is remanded with directions to sustain the objections.

*Reversed and remanded, with directions.*