(No. 30004.—

THE PEOPLE *ex rel.* Clifford Thompson, County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed May 22, 1947.*

TRIMBLE & TRIMBLE, of Princeton, and NELSON TROTT-MAN, of Chicago, for appellant.

JOSEPH R. PETERSON, State's Attorney, of Princeton, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, the Chicago and North Western Railway Company, having previously paid its taxes in full, under protest, filed numerous objections to an application of the collector of Bureau county for a judgment against an order for the sale of lands returned delinquent for the nonpayment of taxes for the year 1943. Defendant's objections were sustained in part, and it prosecutes this appeal from the part of the judgment of the county court overruling certain of its objections.

The first objection charges that the item in the county corporate fund levy providing the lump sum of $10,000 for "Office supplies of County officers exclusive of constitional fee officers" violates section 156 of the Revenue Act requiring the amount levied for each purpose to be separately stated. (Ill. Rev. Stat. 1945, chap. 120, par. 637.) It is well established that the itemization rule should receive a common-sense interpretation; (*People ex rel. Oller*

v. *New York Central Railroad Co.* 388 Ill. 382; *People ex rel. Toman* v. *Estate of Otis,* 376 Ill. 112,) that the purpose of requiring itemization is to afford taxpayers information with respect to a particular appropriation and the levy of the tax; (*People ex rel. Schlaeger* v. *Reilly Tar & Chemical Corp.* 389 Ill. 434; *People ex rel. Nash* v. *Chicago and Northwestern Railway Co.* 359 Ill. 435,) and there can be no valid objection to levying a single sum for several purposes which are embraced within some general designation giving the necessary information to the taxpayer. *People ex rel. Lindheimer* v. *Hamilton,* 373 Ill. 124; *People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 529.

Defendant asserts that the item for office supplies is vague and indefinite. If this be taken to mean that each type of office supply must be itemized, defendant's position is unsupportable. A county levy for office supplies has been adjudged sufficiently specific. (*People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 Ill. 543.) In the case last cited, we observed that supplies used in county offices almost defy specification. More particularly, however, defendant contends that the amount levied for the office supplies of each county officer should be separately stated since the county officers provided for perform such totally unrelated functions as judge, superintendent of schools, and superintendent of highways. In support of this contention defendant cites *People ex rel. Heuer* v. *Chicago, Burlington and Quincy Railroad,* 377 Ill. 470, and *People ex rel. Ross* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 381 Ill. 58, neither of which are in point. In the *Burlington case,* the item "Supplies County Offices: Legal Blanks, $2,000, Record Books, $2,000, stationery, $2,000" was held to be in violation of section 10 of article X of the constitution because the levy did not exclude those county officers the expenses of whom are properly payable only out of fees earned and collected.

Again, in the *Milwaukee case,* a levy for office supplies made no distinction between constitutional fee officers and other county officers. We said: "A statement of these items alone, clearly demonstrates their invalidity. As to the first two items ['for record books for county officers' and 'for printing and stationery for county officers'] the identical questions were passed upon by this court in *People ex rel. Heuer* v. *Chicago, Burlington and Quincy Railroad Co.* 377 Ill. 470. In that case, items included in the levy under similar general designations were held bad under section 121 of the Revenue Act of 1872. [Citation.] This is section 156 of the Revenue Act of 1939." As related, the office-supplies item in the *Burlington case* was held void on constitutional grounds and not by reason of the Revenue Act. The application of section 156 of the Revenue Act to the *Milwaukee case* is limited to the extent that constitutional fee officers should have been separated from other county officers, as was done in the case at bar. In like manner, *People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 Ill. 543, relied upon by the collector, is not decisive of the issue presented here. The item of $1500 for supplies, there upheld, was objected to only because it was not specific and because it might possibly be used for paying expenses of a fee office of the county. It is thus apparent that in none of the cases cited did any of the respective objectors raise the issue that a levy for office supplies of county officers, exclusive of constitutional fee officers, is invalid for failure to separately state the amount of office supplies allocated to each such county officer.

In the absence of precise precedent, the objection must be decided on the general rules relative to itemization and on analogous precedent. Where not repugnant to section 10 of article X of the constitution, lump-sum levies for salaries of county officers have been held valid, and it has never been required that the salaries of the various

county officers be separately stated. (*People ex rel. Parks v. Chicago and Eastern Illinois Railway Co.* 281 Ill. 177; *People ex rel. Burton v. Illinois Central Railroad Co.* 271 Ill. 236; *People ex rel. Lee v. Kankakee and Southwestern Railroad Co.* 237 Ill. 362.) Both common sense and closely analogous precedent dictate the conclusion that the objection to the item of office supplies was properly overruled. Although embracing several county officers and countless items of office supplies, the levy for "Office supplies of County officers exclusive of constitutional fee officers" constitutes a single appropriate general purpose giving the necessary information to the taxpayer.

Defendant's second objection related to the inclusion in the general corporate purpose levy of items for the salaries of the janitors of the courthouse and jail. The contention advanced was that under section 10 of article X of the constitution such salaries are payable only out of fees earned and collected by the sheriff. Defendant concedes that upon the authority of *People ex rel. Goodman v. Wabash Railroad Co.* 395 Ill. 520, the issue must be decided adversely to it.

Objection is next made to so much of the Hall township poor-relief fund levy of $8520 as exceeds $6550, for the reason that the difference of $1970 is excessive and illegal. Defendant claims that the only amount necessary to be raised by taxation is $6550, this sum being the difference between estimated expenditures of $20,550 and $14,000, the amount estimated to be received from the State. The collector points out that Hall township, operating on a deficit basis, could expect to receive only a small part of the 1943 taxes prior to the close of its fiscal year, and therefore it would be necessary to sell tax anticipation warrants in order to meet current obligations. The mere circumstance that, in estimating in advance the amount necessary for any purpose, a larger amount is levied than actually required affords the taxpayer no grounds for ob-

jection unless the amount levied is so grossly excessive as to show a fraudulent purpose. (*People ex rel. Wilson* v. *Wabash Railway Co.* 368 Ill. 497; *People ex rel. Stuckart* v. *Chicago and Alton Railway Co.* 289 Ill. 282.) The levy has not been shown to be unreasonable, and, in the absence of a showing of an abuse of discretion, we will not interfere with the decision of a taxing body on the question of the amount to be levied. *People ex rel. Wilson* v. *Wabash Railway Co.* 368 Ill. 497; *People ex rel. Batman* v. *Illinois Central Railroad Co.* 366 Ill. 408.

The fourth objection relates to an item of $4700 for home relief included as part of the Hall township poor-relief fund levy of $8520. The appropriation ordinance itemized the appropriations for home relief, the total being stated as "total for home relief (including veterans) $14,100." Not only has this court repeatedly held that a tax levied for "home relief (including veterans)" is void, (*People ex rel. McWard* v. *Wabash Railroad Co.* 395 Ill. 243; *People ex rel. Voorhees* v. *Chicago, Burlington & Quincy Railroad Co.* 386 Ill. 200; *People ex rel. Little* v. *Peoria & Eastern Railway Co.* 383 Ill. 79; *People ex rel. Chamberlain* v. *Chicago, Burlington & Quincy Railroad Co.* 383 Ill. 212,) but also the facts in the case at bar are identical with the facts in *People ex rel. Bergan* v. *New York Central Railroad Co.* 392 Ill. 525. Under the Bogardus Act (Ill. Rev. Stat. 1941, chap. 23, par. 154 *et seq.*,) it is the duty of counties to furnish relief to needy veterans and their families, while the statutory duty of caring for paupers generally falls upon townships. (Ill. Rev. Stat. 1941, chap. 107, par. 15.1.) Thus, a tax levy by a township for both purposes is not authorized, and where the levy is not separated, so as to show what part is for the poor of the town, the entire tax is invalid. The argument that the word "(including veterans)" in the appropriation ordinance does not, in apt words, identify the appropriation with the "indigent and suffering soldiers, sailors and

marines, * * * and their families, and the families of deceased veterans" covered by the Bogardus Act is without merit. The issue has been decided adversely to the collector. (*People ex rel. Little* v. *Peoria and Eastern Railway Co.* 383 Ill. 79.) The collector also advances the argument that the Bogardus Act is not in force in Bureau county because it has never been "adopted," no veterans' organization ever having applied or qualified for the right to distribute relief to needy veterans. This argument is devoid of merit.

The village of Manlius levied $1000 "For Maintenance of Water Department." This item is objected to on the ground that it includes more than one purpose and thus violates the separation requirements of section 156 of the Revenue Act. (Ill. Rev. Stat. 1945, chap. 120, par. 637.) Salaries, operation expenses, new equipment and the physical maintenance of the physical plant, it is contended, are the multiple purposes embraced within the levy for maintenance. This is contrary to the plain meaning of the word. As indicated in *People ex rel. Nash* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 359 Ill. 351, salaries, equipment and maintenance are not the same purposes. Manifestly, maintenance is a separate purpose or object. A levy for "maintenance of water works system" has been recently held valid. (*People ex rel. McWard* v. *Wabash Railroad Co.* 395 Ill. 243.) A tax "For Maintenance of Water Department" is likewise free from the vice of the objection levelled against it.

The judgment of the county court of Bureau county is affirmed in part, and reversed in part, and the cause remanded to that court, with directions to enter judgment in accordance with this opinion.

> *Affirmed in part and reversed in part*
> *and remanded, with directions.*